Per Curiam.

All reasonable notice to attend and defend the suit was given. The cause was on the day docket, and there is no kind of excuse(a) why the defendant was absent. *157 He had a counsel in court, and might have been there himself, with his witnesses. The defendant, therefore, can take-nothing by his motion.
Hoffman urged strongly the rigour of the practice, that it would operate only against the attorney of the plaintiff, that it was the first instance of such strictness.
The Court answered, there must be a first time in all proceedings; that they found it necessary to enforce their rules, and had made a determination so to do, as the only mode of having them obeyed.
Motion denied.
Radcliff and Livingston, Justices, absent.

 See M'Kay v. Marine Ins. Co., 2 Caines’ Rep. 384, the absence of coun Bel discountenanced as an excuse; and Sayer v. Finch, lb. 336. The same excuse reluctantly admitted, though the plaintiff’s counsel was absent, from an opinion that the cause would not come on, induced by expressions to that effect from the partner of the attorney on record for the plaintiff. The rule seems to be, that as it is the duty of counsel and attorney to attend, that duty will not be dispensed with, unless in cases of necessity, or misconception. See Rogers v. Garrison, 2 Caines’ Rep. 379.
See also Farnam v. Despard, 1 Wend. 287; Jackson v. Wakeman, 2 Cow, 578.