John A. Loring, Plaintiff in Error, vs. W. L. Wittich, Defendant in Error.

1. In a suit commenced by summons, and in which an attachment is issued at the same time, a motion to dissolve the attachment will not prevent the plaintiff entering the defendant's default for not pleading.

2. Where a judgment by default for want of a plea is regularly taken, an application to set aside the judgment and allow the defendant to plead, is addressed to the sound discretion of the court.

3. After judgment by default, the court may allow the plaintiff to amend the record and proceedings, during the same term, but such amendment, unless it affects a substantial right of the defendant, does not give him a right to demand that the judgment be set aside.

Writ of error to the Circuit Court for Escambia county.

The defendant in error, Wittich, who was plaintiff in the court below, claimed to have sold goods amounting to $1,761.35 to the schooner William Fisher, of which John Loring and others were owners, and Loring was master. The bills not being paid, said plaintiff in the court below, on the 14th day of December, 1876, commenced suit in assumpsit by filing his *præcipe* for a summons *ad respondendum* against John A. Loring and eight other persons, describing them as partners under name of Schooner William Fisher. Whereupon a writ of summons *ad respondendum*, returnable to January rules, 1877, issued, which, as shown by the return, was executed by service on Loring. After such commencement of suit by *præcipe* and summons, and on the said 14th day of December, plaintiff below sued out ancillary attachment against the property of defendants in said suit.

On the 29th of December, 1876, Wittich filed his declaration in assumpsit, setting forth that said defendants being the owners, and said defendant Loring being the master of said schooner William Fisher, and said defendants being engaged with said schooner in trading between the port of Pensacola and sundry other ports, purchased from the plaintiffs the bill of goods attached to said declaration, and made part of said declaration, at the prices stated in said bill, amounting in the aggregate to $1,761.35, which they had often promised to but had failed and refused to pay. The declaration also contained common counts.

Afterwards, on the 11th of April, 1877, the defendants below filed a special appearance and motion to dissolve the said attachment upon the ground of insufficiency of affida-

vit for attachment, and upon the ground that affidavit was untrue. On the 4th day of June, 1877, default was entered against said alleged partners for want of appearance and plea, and upon proper proofs being made final judgment was, on the 6th day of June, entered for $1,828.63 against all of them, and ten days thereafter execution issued. Afterwards, on the 11th of June, said defendants filed, and noticed for hearing on the 14th of June, their motion as follows:

" The defendants move to set aside the default and judgment therein rendered in said case, and for cause alleged that there was a motion pending for the dissolution of the attachment in said case at the time of the entry of said default and judgment."

At the special June term of said court, and on the 26th day of June, (the above motion of 11th of June not having been heard) the said defendants brought so much of their motion to hearing, filed 11th of April, as sought to dissolve the attachment in said case for want of an allegation in plaintiff's affidavit that the debt was actually due; and the court, after argument, adjudged the affidavit insufficient, refused plaintiff's application to amend the affidavit in that particular, to which plaintiff below excepted, and ordered that the attachment issued in said case be dissolved. Thereupon the said defendant brought to a hearing their motion to set aside the default and judgment.

This motion the court denied, refusing to set aside said judgment and default entered as aforesaid for want of appearance and plea to the action by defendant, the court ruling that the said motion for the dissolution of the attachment in the case, and the special appearance entered for defendants in connection therewith, was insufficient to prevent the entry of said default and judgment.

Afterwards, on the 3d day of July, the defendants moved to set aside the said default and judgment against all the

defendants except John A. Loring, on the ground that no partnership existed between Loring and the other defendants, and because the defendants, other than Loring, were not served with process, nor had publication been made, and that they had not been residents within the limits of the State, but had always been residents of the State of Maine. This motion was granted by the court, and the said default and judgment as to all the defendants, except Loring, were vacated and set aside, to which order plaintiff below excepted.

Afterwards, on the 5th day of July, the plaintiff moved to amend the proceedings by striking out wherever it appears the description of defendants as partners and by inserting in the proceedings proper notification of non-service on the defendants other than John A. Loring, and by so amending the judgment that it may appear as entered against the party served, to wit: John A. Loring, with proper notification of non-service upon other defendants, the execution to be amended to make it conform to the amended proceedings and the rules of court and the laws applicable thereto. Which motion was allowed on the 11th day of July, 1877.

Loring has brought the case here by writ of error. The errors assigned are stated in the opinion.

*Geo. P. Raney* for Plaintiff in Error.

*E. A. Perry* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court.

The plaintiff in error, who was the defendant below, seeks to reverse the judgment upon three several grounds:

1. That the court erred in denying the motion to set aside the default and the judgment entered thereon.

The suit was commenced by *præcipe* and summons, and

an attachment was issued on the same day against Loring and several others who were described as partners.

The defendant Loring was served with the summons, and the other defendants being non-residents were not served, but all the defendants appeared specially, and moved to quash the attachment, which motion was granted; but meantime, for want of appearance and plea to the declaration, the defendant's default was duly entered and final judgment was rendered against all the defendants. Subsequently, however, at the same term, the judgment was vacated as to all the defendents not served with summons.

The default of Loring was regularly entered, as he had been served with summons and had failed to appear generally and plead. His excuse for this failure was that as he had made a motion to dismiss the attachment, he was advised, and supposed, that no default could be entered against him while that motion was pending. Of course he was mistaken in this. The dismissal of the attachment did not abate the suit, as it was commenced by summons duly served on Loring. Had he tendered a good plea to the merits, or filed an affidavit of merits and offered to go to trial at once upon a material issue, the court might well have set aside the default and permitted him to plead; but this was a matter to be addressed to the sound discretion of the court. (1 Tidd's Pr., 508; Graham's Pr., N. Y., 788; 3 Johns., 141, 245, 258, 449; 6 ib., 131; 1 Cai., 111, 118; 2 Cai., 30; 3 Cai., 95; 2 Str., 1,242; 2 Salk., 518; 2 W. Bl., 35.) Had there been any substantial irregularity in the entry of the default, it might be asked as a matter of right that the default be set aside and the party be permitted to plead, but as the default was regular it could only be asked as an exercise of the discretion of the court. It has been quite uniformily held that as to orders resting in the discretion of the court, the parties cannot require their reversal by an appellate court.

2. The second ground of error is that the court " denied. the motion to dismiss the cause for default in filing bill of particulars under Rule 14 and the 3d section of Chap. 1096, Laws of 1861."

It is not clear that there is any foundation for this allegation of error. With the declaration appears to have been filed a detailed account by items and prices of goods bought of plaintiff by defendant, which account is referred to in the declaration as the claim sued on. This is all that the statute or the rules require.

3. The third ground of error is the granting of a motion to amend the proceedings by striking out, wherever they occur in the process, pleadings and judgment, the words describing the defendants as partners, and noting the nonservice upon the other defendants.

There is no substance in this objection. It can make no difference to the defendant Loring whether he is described as a partner or otherwise liable with the others. The judgment as to him was regular. Had he shown to the court below that he had a defence upon the merits to the action in its amended form, or that he was in any wise prejudiced. by the allowance of the amendment, he might have some grounds of complaint. It is not apparent that he was injured, or in any way affected by it. He has nothing to complain of in this respect.

The argumentative suggestion of counsel, that the defendant Loring may have defences to the action in its amended condition, can have no weight, because he did not, when he had the opportunity, apply to the court for leave to file a plea. That he may have a defence is possible, but the probability is that if he had he would have informed the court of the fact, and in that case he would have been in a condition to demand a hearing.

The power of the court to allow the plaintiff to amend his proceedings is ample, under the provisions of the prac-

tice act of 1861, and the act secures to the defendant in such cases, "if duly applied for," every legal or equitable defence.

The common law rule that a record was not amendable, must be taken to mean that it was not amendable after the term, (Rex vs. Carlisle, 2 B. & A., 971,) for during the term the record is said to be in *fieri*, and it is in the breast of the court to mould it as the justice of the case requires. See note to Robinson vs. Raley, 1 Smith's Leading Cases, 431, 438.

The judgment is affirmed.