HART'S EXECUTOR, PLAINTIFF IN ERROR, VS. CHANDLER H. SMITH, DEFENDANT IN ERROR.

1. The power of the court under the statute to allow amendments applies to the amendment of a petition for the re-establishment of lost papers.

2. After a cause is remanded by the Supreme Court to the Circuit Court for further proceedings, such court has power to admit amendments to be made to the pleadings and proceedings, unless the Supreme Court otherwise directs.

3. When a party has by pleading waived an objection which might have been taken it is too late after action of the court upon such pleading to withdraw it for the purpose of raising the objection so waived.

4. An executor of an executor is the executor of the will of the first testator, unless he shall at the time of qualifying renounce and refuse to administer under the will of the first testator.

5. After notice to the executor of an executor, of a petition praying the re-establishment of a lost writ of *fi. fa.* upon a judgment against the first executor, the last executor cannot have the petition dismissed on the ground that he has since the notice renounced administration under the will of the first testator.

Writ of error to the Circuit Court for Leon county to which the case was transferred from Madison county.

This was a proceeding commenced by petition under the provisions of an act relating to the re-establishment of lost papers, Chapter 3019, Laws of 1877, the object of which was to re-establish a writ of *fieri facias* issued upon a judgment in favor of respondent against Penelope Hart, Executrix, and Edwin A. Hart, Executor of the will of James L. Hart, deceased. The writ of *fieri facias* was destroyed by fire before it was executed or satisfied. Notice of the application was served on " Wilson C. McCall, executor of Penelope Hart deceased, and as such, executor of James L. Hart, deceased." The petition did not show that either

Penelope or Edwin A. Hart was dead, and the court allowed petitioner to amend by averring that Penelope was dead, and by her last will and testament had appointed McCall her executor, and that McCall is executor of the estate of James L. Hart, deceased, by virtue of his appointment as executor of the will of Penelope Hart.

McCall admits that he is the executor of the will of Penelope, but denies that he has ever administered the goods, &c., of the estate of James L. Hart, deceased, or ever intermeddled therewith. He further, by an amended answer, reiterates that he has never intermeddled with the goods, &c., of the estate of James L. Hart, deceased, or administered the same, and that he had filed in the Probate office a renunciation of any right and all intention to act or become the executor of the estate of James L. Hart, deceased. This renunciation appears to have been filed after the filing and notice of this petition.

On the 17th of January, 1880, upon due notice and hearing, the court made an order re-establishing the writ of *fi. fa.*, and upon this order McCall sued out a writ of error, and at June term, 1880, of this court, the order was reversed and the cause remanded for further proceedings, upon the ground that it did not appear that Edwin A. Hart had died, and if living he was the surviving executor of the will of James L. Hart, and McCall, as executor of the will of Penelope, was not charged with administration of the estate of James L. Hart. See Hart's Executor vs. Smith, 17 Fla., 767.

Upon the cause being remanded, upon due notice and hearing the court allowed petitioner to amend his petition by an averment that Penelope and Edwin A. Hart had both died, and Edwin A. had died before the death of Penelope; that Penelope left her last will and testament appointing W. C. McCall as her executor, and that Penelope

was the only surviving heir and residuary legatee of James L. Hart, her husband, and that she left no children.

September 6, 1880, McCall filed an amended answer affirming his previous answer and says " that he has in no " manner intermeddled with the estate of James L. Hart ; " that he has not administered the goods and chattels, lands " and credits thereof, and is not the executor of James L. " Hart, deceased, and as the executor of Penelope Hart, de- " ceased, has long since, before the making of said amend- " ments, filed in the office of the County Judge of Madison " county, State of Florida, a renunciation renouncing all " right to act or become the executor of James L. Hart, de- " ceased, which has been accepted and filed by the County " Judge of said county of Madison."

Petitioner demurred to this answer on the ground that having been duly appointed and qualified as executor of the will of Penelope Hart, she being the sole surviving executrix of James L. Hart, McCall was precluded from renouncing administration of the estate of James L. ; and that he could not so renounce after this proceeding had been commenced against him as such executor of the will of Penelope, he having entered upon administration as such executor.

The court sustained the demurrer and, " no further plead- ings being offered," ordered that the copy of the execution annexed to the petition be established " against Wilson C. " McCall, as executor of Penelope Hart, and as such exec- " utor of James L. Hart, deceased, and that the same be of " the same validity as the original."

This order is now brought up by writ of error for a re- view of the proceedings.

*W. C. McCall* and *H. J. McCall* for Plaintiff in Error.

*C. W. Stevens* for Defendant in Error.

THE CHIEF JUSTICE delivered the opinion of the court.

Plaintiff in error contends that there was error in allowing the petitioner to amend his petition so as to show the death of Edwin A. Hart, after the return and entry of the mandate of the Supreme Court, "there being no case in court."

The Supreme Court, it is observed, merely reversed the order of the Circuit Court and remanded the cause for the further proceedings according to the law and practice. The defect appeared to be the want of a certain allegation in the petition. This court did no. dismiss the petition nor order it to be dismissed. The case went back to stand as though no final order or judgment had been entered, and the matter still pending on the prayer of the petition and the answer.

After a cause is remanded to the inferior court, such court may receive additional pleadings or admit amendments to those already filed, even after the Appellate Court has decided such pleas to be bad on demurrer, unless the Appellat· Court otherwise directs. The Marine Ins. Co., vs. Hodgson, 6 Cranch, 206 ; The U. S. vs. Boyd, 15 Peters, 187, 209.

The amendment was as clearly within the power of the court as though the Circuit Court itself had held the pleading defective for want of a necessary allegation. The statute relates to amendments of " defects in any proceeding in civil causes." Act of February 8, 1861.

The second error assigned is that the court refused to allow an amended answer to be withdrawn for the purpose of moving to vacate an order allowing a rehearing and amendment of the petition.

There is no substance in this suggestion. The respondent having waived objection to an amendment of the petition

by pleading to it should not trifle with the patience of the court by thus withdrawing his waiver. The court had the power to allow the amendment and properly exercised it.

The third error alleged is the order sustaining petitioner's demurrer to respondent's amended answer.

The answer demurred to averred that respondent had not intermeddled or administered the effects of the estate of James L. Hart, deceased, and was not his executor, and that "before the amendment," he had, as the executor of Penclope Hart, deceased, filed in the Probate office a renunciation of all right to act or become the executor of said James L. Hart, deceased, which renunciation had been accepted and filed by the County Judge.

The rule as laid down in the books, in the absence of a statute changing it, is, that if there be a sole executor of A., the executor of such executor is, to all intents and purposes, the executor and representative of the first testator. 1 Williams on Ex., 6 Am. Ed., 293, [254.]

In Worth vs. McAden, 1 Dev. & Batt. Eq., 199, 209, it is said that "where one who is the sole executor of another, dies after making a will and appointing executors, those so appointed may accept the office of executor to their immediate testator, and renounce the office of executor to his testator; but if they prove the will of their immediate testator generally, without such a renunciation, they become executors also of the first testator."

It seems to be the uniform rule that so long as the chain of representation remains unbroken by any intestacy, the ultimate executor is the representative of every preceding testator. 1 Wms. Ex., 294, [255.]

McCall admits what is alleged in the petition that he was acting as executor of the will of Penelope Hart, deceased, at the time the notice was served upon him in this proceeding, and says that "before making the amendment" he filed his

renunciation of the executorship under the will of James L. Hart, deceased. Whatever effect this renunciation may have, if any, toward relieving him of such administration, it is certain that when he qualified as executor under the will of Penelope Hart he became (not having renounced it at the time of so qualifying) the executor of the will of James L. Hart, and was such executor at the time of the inception of these proceedings. This was sufficient to authorize the court to act and to bind the estate by its judgment, and no act of the executor could divest the court of its power in the premises.

The fourth error assigned is, that there was no evidence before the court showing that Edwin A. and Penelope Hart were the executor and executrix of the will of James L. Hart, deceased.

The first allegation in the petition is that petitioner had recovered a judgment against them as such executor and executrix. We cannot conceive that it is necessary to prove here what must have been proved before the court when the judgment was rendered against them.

All the facts necessary to warrant the order of the court re-establishing the execution are stated in the petition and proceedings before the court, and none of them are denied by the respondent, McCall, who appeared, after due notice, at every step in the case contesting and opposing the petitioner. He must be held to the ordinary rule, that what is not denied is admitted to be true.

We find no error in the judgment of the Circuit Court, and it is affirmed with costs.