MARY E. BENEDICT, PLAINTIFF IN ERROR, v. W. T. HAD-
LOW COMPANY, A CORPORATION, DEFENDANT IN ERROR.

1.   Whether a default properly entered should be set aside is
     for the determination of the court in the exercise of a
     sound judicial discretion, upon a consideration of all
     the facts and circumstances of the particular case,
     which should show the good cause required by the stat-
     ute; and while the determination of the court is subject
     to review, the appellate court will not interfere unless
     the record shows a gross abuse of discretion. The de-
     fendant should at least present facts reasonably excusing
     the failure to appear, and show by plea or by affidavits
     or otherwise facts which constitute a good defense to the
     merits, and also an offer to go to trial at once upon a
     material issue.

3.   The absence of the seal of the court from the summons and
     be disturbed on writ of error when service of summons
     was duly made and the defendant failed to appear before
     default was taken, and in an affidavit in support of the
     motion to set aside the default states "that through
     inadvertence she did not retain an attorney to defend
     said suit and enter her appearance" and there is no claim
     that she had retained or supposed she had retained an
     attorney before or after the service of the summons on
     her and before default was taken.

3.   The absence of the sal of the court from the summons and
     the omission from the praecipe of a statement of the
     nature of the action are at most amendable defects and
     such omissions in no way affect the jurisdiction of the
     court or the legality of the proceedings.

4.   When the defendant desires to take advantage of the omis-
     sion of the seal of the court from a summons and the
     omission of a statement of the nature of the action from
     a praecipe it should be done before default, and it is
     too late to move to quash the summons and service and
     in arrest of judgment because of such omissions, after

a motion has been made to set aside the default on grounds which recognize the jurisdiction of the court, particularly when no complaint is made of the service of a summons properly returnable which bears on its face evidence of its official source and purpose and leave has been asked to appear and plead to the declaration which disclosed the nature of the action.

This case was decided by Division A.

Writ of error to the circuit court for Duval county.

The facts in the case are stated in the opinion of the court.

*Cooper & Cooper,* for Plaintiff in Error;

*George M. Powell,* for Defendant in Error.

WHITFIELD, J.: On May 25, 1905, the W. T. Hadlow Company, a corporation, by counsel, filed in the circuit court for Duval county a præcipe for summons *ad respondendum* as follows:

"In Circuit Court, Duval County, Florida.

W. T. Hadlow Company, a Corporation organized and existing under and by virtue of the laws of the State of Florida, v Mary E. Bennett—Præcipe for Summons.

The clerk of said court will please issue a summons *ad respondendum* in the above entitled cause, directed to the said defendant, Mary E. Benedict, and made returnable to the Rule day in June, 1905. The plaintiff claims one thousand dollars in an action at law.

GEO. M. POWELL.
Attorney for Plaintiff."

On the same day a summons in the name of the State of Florida, attested in the name of and signed by the clerk of the circuit court for Duval county, was issued, but

the seal of the court was not put upon the summons. This summons was, on May 25, 1905, served on Mary E. Benedict by the sheriff. On June 5, 1905, the return day of the summons, the plaintiff, by attorney, filed its declaration in assumpsit in common counts, claiming $566.50. A bill of particulars covering the amount was filed with the declaration. On the same day a præcipe for a default was filed and a default for want of appearance was entered on June 5, 1905, a rule day. On June 16, 1905, the defendant filed a motion to set aside the default and for leave to appear and plea. In support of the motion an affidavit of the defendant, sworn to on June 16, 1905, was filed, in which she deposes "that she is the defendant in the cause; that she has a meritorious defense to the cause of action sued on; that through inadvertence she did not retain an attorney to defend said suit and enter her appearance herein, as required by rule on the rule day in June, and that default was taken (against) said defendant for want of appearance on the rule day in June; that the said plaintiff has not been inconvenienced or delayed in prosecuting his suit, and will not be by the granting of defendant's motion to open said default; that she stands ready and willing to plead to said cause without delay, and she is informed and believes that she has a defense well founded in law in reference thereto, wherefore this defendant prays that her motion for the opening of the said default be granted."

Another affidavit, sworn to by W. M. Bostwick, Jr., on June 21, 1905, appears to have been used at the hearing of the motion on August 22, 1905, as follows: "William M. Bostwick, Jr., being first duly sworn, says: That the defendant in the above entitled cause consulted him in regard to the probable bringing of the above entitled suit on or about the 15th day of April, 1905; that he

never represented the said defendant in any action at law; that in all previous matters before this Court, the said defendant had been represented by Messrs. Cooper & Cooper; that he did not consider at the time of the conversation above referred to that said defendant would not employ Messrs. Cooper & Cooper to represent her, but supposed that in the natural sequence of events she would do so; that he was absent from the city on the rule day in June and had been for several days prior thereto, and did not see the said defendant, nor did he have any means of knowing that this suit had been brought; that he returned here on the 12th day of June, and discovered for the first time that the suit had been brought, and that the defendant in the above entitled cause expected this affiant to defend the same; that on examination of the record he discovered that default had been entered against said defendant on the 5th day of June, 1905, for want of appearance; that the matter was a thorough misunderstanding on the part of the defendant and this affiant, and, if error on anybody's part, was an error of this affiant's in not ascertaining more definitely the views of defendant; that the said defendant has a good and valid defense against the action herein and stands ready and willing to plead to the declaration in said cause instanter."

At the hearing of the motion the defendant tendered and asked leave to file a plea sworn to on July 26, 1905, consisting of the general issue of "never was indebted as alleged," and a special plea averring the construction of a building by the plaintiff for the defendant, and that "the said plaintiff has received full payment and has given full receipts to this defendant for all work done and material furnished for her account in and about the

construction of said building." The motion to open the default and for leave to appear and plead was denied and defendant excepted.

On September 9, 1905, the defendant filed motions to quash summons and service and in arrest of judgment on the grounds that "(a) the said paper purporting to be the summons has not and had not, when purporting to be issued and served on the said defendant, any seal of the said court thereon or thereto, and was not made or issued under the seal of said court; (b) that there was no proper praecipe for summons filed in the said cause, and the said cause was never legally or properly instituted or begun, for that the paper purporting to be a praecipe to commence the said suit and for summons therein does not sufficiently state the action as required by the statute, to begin such suit or authorizing the issuing of summons therein."

On March 2nd, 1906, the motions to quash summons and service and in arrest of judgment were denied, and the defendent excepted.

On April 2nd, 1906, final judgment was entered for the plaintiff in the sum of $673.26 damages, and for costs. A writ of error was taken to this judgment and the errors assigned are: (1) The order of August 24th, 1905, denying the motion to open the default entered against the defendant on the Rule day in June, 1905; (2) The order of March 2nd, 1906, denying the motions to quash summons and service and in arrest of judgment; (3) The final judgment entered April 2nd, 1906.

Section 1034 of the Revised Statutes of 1892 provides that "The Court may, for good cause shown upon any default for want of appearance or plea, set aside such default, and allow the defendant to demur or plead within a period of time to be fixed by the said court; but the

application therefor must be made within sixty days from the time of the entry of such default, unless a term of the court shall in the meantime be held, when such application must be made during such term."

Whether a default properly entered should be set aside is for the determination of the court in the exercise of a sound judicial discretion, upon a consideration of all the facts and circumstances of the particular case, which should show the good cause required by the statute; and while the determination of the court is subject to review, the appellate court will not interfere unless the record shows a gross abuse of discretion. The defendant should at least present facts reasonably excusing the failure to appear, and show by plea or by affidavits or otherwise facts which constitute a good defense to the merits, and also an offer to go to trial at once upon a material issue. Russ v. Gilbert, 19 Fla. 54; Loring v. Wittich, 16 Fla. 617.

Conceding that the plea presented on the hearing of the motion to set aside the default was tendered in time and that it was a good plea to the merits, and that the offer to plead without delay is a sufficient offer to go to trial at once, is there any excuse for the failure to appear on the return day of the summons? Service of the summons was made on the defendant in person on May 25th, 1905, and the return day was June 5th, 1905. The defendant in her affidavit deposes "that through inadvertence she did not retain an attorney to defend said suit and enter her appearance herein, as required by rule on the Rule day in June, and that default was taken against said defendant for want of appearance on the Rule day in June." Mr. Bostwick in his affidavit deposes "that the defendant *
* * consulted him in regard to the probable bring-

13—S. C.

ing of the　*　*　*　suit on or about April 15th, 1905; that he had never represented the said defendant in an action of law; that in all previous matters before this court the said defendant had been represented by Messrs. Cooper & Cooper; that he did not consider at the time of the conversation above referred to that said defendant would not employ Messrs. Cooper & Cooper to represent her, but supposed that in the natural sequence of events she would do so; that he was absent from the city on the Rule day in June and had been for several days prior thereto and did not see the said defendant, nor did he have any means of knowing that this suit had been brought; that he returned on June 12th, and discovered for the first time that the suit had been brought and that the defendant　*　*　*　expected this affiant to defend the same　*　*　*　; that the matter was a thorough misunderstanding on the part of the defendant and this affiant, and if error on anybody's part was an error of this affiant's in not ascertaining more definitely the views of defendant."

In view of Mr. Bostwick's affidavit "that the matter was a thorough misunderstanding," the affidavit of the defendant "that through inadvertence she did not retain an attorney to defend said suit and enter her appearance" must be taken as true. The defendant does not claim that she had retained or that she supposed she had retained an attorney when the summons was served on her, and it is not shown that she made any effort to secure the services of Mr. Bostwick or any other attorney after the service of the summons on her and before the default was entered against her. The inadvertence is not excused in any way.

The statute provides that the court may for good cause shown set aside a default and allow the defendant to

plead or demur. No attempt is made to justify or to explain the admitted inadvertence, and, as a consequence, the defendant has not made a showing of the good cause required by the statute sufficient to disclose a gross abuse of judicial discretion in denying the motion to set aside the default.

The absence of the seal of the court from the summons and the omission from the præcipe of a statement of the nature of the action are the grounds upon which the motions to quash the summons and service and in arrest of judgment were made. The contention here is that the denial of the motions was error, for the reason that "there had been no legal or valid præcipe and no action legally begun against" the defendant and that "there was no jurisdiction of the person of the defendant because there was no legal summons issued or served and the defendant was never permitted to enter an appearance in the cause, but the court refused to permit her to appear." A number of cases are cited by counsel in which the proceedings were set aside because of defective *service* of summons, but none because of a defect in the præcipe, or because of the omission of the seal of the court from the summons, except where statutes control. The statute of this State relating to form of process does not require the seal of the court to be impressed upon summons or other process. Conceding for the purposes of this case only that the stated omissions from the præcipe and summons constitute defects, they are amendable, and the omissions in no way affect the jurisdiction of the court or the legality of the proceedings. If the defendant desired to take advantage of them she should have done so before default; and, after her motion to set aside the default upon

grounds which recognize the jurisdiction of the court, it is too late for her to move to quash the summons and service, particularly when no complaint is made of the service, and when she has made a motion and filed affidavits asking to be allowed to appear and plead to the declaration which disclosed the nature of the action. See Campbell v. Caffee, 6 Fla. 724; McKay v. Friebele, 8 Fla. 21, text 29; Gilmer v. Bird, 15 Fla. 410, text 423; Spratley v. Kitchens, 55 Miss. 578. The defects mentioned being formal and amendable constitute no such illegality in either the præcipe or the summons as will warrant this court in holding the court below in error for denying the motion in arrest of judgment where the summons bears on its face evidence of its official source, and of the purpose for which it was intended, where the service is not attacked, and where the defendant has presented a motion and affidavits recognizing the jurisdiction of the court and asking leave to appear and plead to the declaration which sets forth the nature of the action. See Clark v. Hellen, 1 Iredell (N. C.) 421; Redmond v. Mullenax, 113 N. C. 505, 18 S. E. Rep. 708; Jump v. Batton's Creditors, 35 Mo. 193; Goff v. Russell, 3 Kan. 212.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.