COSMOPOLITAN FIRE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. A. PUTNAL, *Defendant in Error.*

PLEADING AND PRACTICE—APPELLATE PRACTICE.

1. If a plea is to the whole declaration, or to any part thereof, it must be good for the whole or the entire part which it purports to answer, for if bad as to a part, it will be wholly bad on demurrer, even for that which it in fact answers. And if the plea is not confined to a particular part, it will be taken as a plea to the whole declaration.

2. The allegations of a plea in a common law action should be stated positively, and not upon information and belief, and if its allegations are predicated on information and belief it will be subject to demurrer.

3. Rule 68 for the circuit courts expressly forbids a plea of *nil debit* in any common law action.

4. If a review of the refusal of the trial court to permit the defendant to file a demurrer or additional plea is desired, those papers should be evidenced to the appellate court by a bill of exceptions, otherwise such review cannot be had.

5. Motions for continuance of a cause and the affidavits in support thereof, the ruling of the court thereon, and the exception to such ruling must be evidenced to the appellate court by a bill of exceptions, otherwise it cannot be considered by such court.

This case was decided by Division B.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Hendry & McKinnon* and *Frazier & Mabry,* for Plaintiff in Error;

*Thomas B. Adams* and *W. B. Davis,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the circuit court of Taylor county for recovery upon two policies of fire insurance. The first count of the declaration declaring upon a policy insuring against loss upon a stock of merchandise and store furniture and fixtures; and the second count declaring upon a policy upon a storehouse or building. The third count of the declaration alleged the necessity of plaintiff's employment of counsel to collect said policies and claimed attorneys' fees.

To this declaration the defendant insurance company filed the following pleas:

"Now comes the defendant in the above entitled cause

by its attorneys, Hendry & McKinnon, and Frazier & Mabry, and for pleas to plaintiff's declaration says:

First,—That plaintiff ought not to maintain his aforesaid cause of action for the reason that he has not complied with the terms of his policies sued upon herein, in that he has never made the required proof of loss under the said policies as required therein, nor complied with the terms of the agreement set forth in said policies although the time specified in said policies in which to make proper proof of loss and compliance with the terms therein has long since lapsed; wherefore defendant prays to be dismissed herein with its costs wrongfully sustained.

Second,—For second plea defendant says that plaintiff did not comply with the terms of his policies sued upon herein in that he carried and sold wines, whiskeys and other spirituous liquors in said place of business described in his declaration and thereby made the risk more hazardous than it otherwise would have been and that said wines, whiskeys and spirituous liquors were sold without license and as what is commonly known as a 'Blind Tiger,' and that the same was done without the knowledge or consent of this defendant and that he thereby increased the hazard or risk above what defendant assumed in issuing said policies and he thereby violated and breached the terms of his said agreement as set forth in said policies; wherefore defendant says that plaintiff should not maintain his aforesaid action and prays to be dismissed with its reasonable costs in this behalf wrongfully sustained."

"Now comes the defendant in the above entitled cause by Frazier & Mabry, its attorneys, and for pleas to the first and second and third counts in the declaration filed in the above cause says:

1st. That it is not true as alleged that plaintiff kept and performed all things in the policy contained, on his

part to be kept and performed; on the contrary plaintiff did not keep and perform the certain covenant and warranty in said policy styled the 'Iron Safe Clause,' in the particulars, to-wit, that plaintiff did not make a complete itemized inventory of the stock on hand at least once in each calendar year, and such inventory not having been taken within twelve calendar months prior to the date of the said policy, did not take one in detail within thirty days after the issuance of the said policy as in said provisions set forth.

2nd. It is not true as alleged that plaintiff kept and performed all things in the said policies contained on his part to be kept and performed; on the contrary plaintiff did not keep and perform the certain covenant and warranty in said policy contained styled the 'Iron Safe Clause,' in the particulars, to-wit, that plaintiff did not keep a set of books which clearly and plainly presented a complete record of the business transacted, including all purchases, sales and shipments, both for cash and credit, from the date of the inventory as provided for in said clause, and during the continuance of the said policy.

3rd. It is not true as alleged that the plaintiff kept and performed all things in the policy contained on his part to be kept and performed; on the contrary, plaintiff did not keep and perform the certain covenant and warranty in said policy contained styled the 'Iron Safe Clause,' in the particulars, to-wit, that the plaintiff did not keep such books and inventory as were provided for in said clause and also the last preceding inventory if such had been taken securely locked in a fire-proof safe at night and at all times when the building mentioned in said policy was not actually opened for business; or failing in this the plaintiff did not keep such books and inventory in some place not exposed to a fire which would destroy the aforesaid building.

4th.   It is not true as alleged that plaintiff kept and performed all things in the said policy contained on his part to be kept and performed; on the contrary plaintiff did not keep and perform the certain covenant and warranty in said policy styled the 'Iron Safe Clause,' in the particulars, to-wit, that plaintiff did not produce such set of books and inventory as are provided for in said clause for the inspection of the said company but failed to produce such set of books and inventory for the inspection of this defendant, notwithstanding this defendant requesting of the plaintiff an opportunity to inspect them, straightway upon being notified as alleged of the said fire.

5th.   It is not true as alleged that plaintiff kept and performed all things in the said policy contained on his part to be kept and performed; on the contrary, the plaintiff did not keep and perform that certain agreement and condition in said policy and included within lines sixty-seven (67) and eighty (80) inclusive, in said original policy, as follows, to-wit; 'If fire occur the insured shall give immediate notice of any loss thereby, in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article. and the amount claimed thereon, and within sixty (60) days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the said insured stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of the loss thereon, all incumbrances, all other insurance, whether valid or not, covering any of the said property; and a copy of all the descriptions and

schedules in all policies; and changes in the title, use, occupation, location, possession or exposures of the said property since the issuance of this policy; by whom and for what purpose any building herein described and the several parts thereof, were occupied at the time of the fire, and shall furnish, if required, verified plans and specifications of any buildings, fixtures or machinery destroyed or damaged, and shall also, if required, furnish a certificate of magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that said magistrate or notary public shall certify;' in this to-wit, that plaintiff did not file immediate notice in writing to said defendant of the said loss and did not make a complete inventory of the said property, and did not, within sixty days, after the fire, render a statement to this company signed and sworn to by the insured stating the knowledge and belief of the insured as to the time and origin of the said fire, the interest of the insured and all others in the property, the cash value of each item thereof and the amount of loss thereon, and all incumbrances and all other insurance, whether valid or not, covering any of the said property, and did not furnish a copy of all descriptions and schedules of all policies, and giving any change in the title, use, occupation, location, possession or exposure of the said property since the issuing of the said policy; and did not state by whom and for what purpose any buildings described in said policy and the several parts thereof were occupied at the time of the fire, and did not furnish the said company with the proof of loss as required by the terms of the said policy.

6th. It is not true as alleged that plaintiff kept and performed all things in the said policy contained, on his

part to be kept and performed; on the contrary, plaintiff did not keep and perform the certain covenant, condition or agreement of the said policy contained, included within lines seven, eight, nine and ten of the original insurance policy, to-wit: 'This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein'; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss;' in this to-wit, that defendant is informed and believes that the interest of the insured in the property covered by said policy described in said declaration was not truly stated therein, and that the interest of the insured in the property described in said policy was not unconditional and sole ownership of the said property.'

7th. This defendant says that it is not indebted as in plaintiff's declaration alleged.

8th. For plea to the third count of plaintiff's declaration defendant says it is not true as alleged that plaintiff was forced to employ attorneys in said cause because of defendant's refusal to settle said claim. But defendant alleges that plaintiff did not keep the covenants and warranties, nor comply with the terms of said policies."

To these pleas, the plaintiff interposed the following demurrer:

"Now comes the plaintiff by his attorneys T. B. Adams and W. B. Davis, and demurs to defendant's first plea filed in said cause Jan. 4th, 1909, because the same is bad in substance, and assigns as grounds to be argued:

1. Said plea does not allege the terms of the policy with reference to proof of loss.

2.   No time in which proof of loss was to be made is alleged.

3.   Said plea alleges a legal conclusion and the conclusion of the pleader.

4.   Said plea is indefinite and uncertain.

5.   It does not appear in said plea whether it is intended as a plea in bar or in abatement.

6.   It does not appear what count said plea defends against.

And plaintiff also demurs to the defendant's second plea filed in said cause Jan. 4, 1909, because the same is bad in substance, and assigns as grounds to be argued:

1.   It does not appear as to which count said plea is intended to apply.

2.   Said plea does not set up that the hazard was increased by means within the knowledge or control of the plaintiff.

3.   Said plea does not allege that the hazard was increased after the policy was issued.

4.   The terms of the policy with reference to the increase of hazard are not alleged.

5.   The unlawful sale of liquor on the premises is not specifically prohibited in said policy.

6.   It is not shown that the alleged increase of hazard was continuous or that it existed at the time of the fire.

7.   Said plea is uncertain.

8.   Said plea does not show that there was not an agreement to run a blind tiger endorsed on or added to policy.

And the plaintiff demurs jointly and severally to defendant's 1st, 2nd, 3rd & 4th pleas filed in said cause February 25, 1909, because the same are bad in substance, and assigns the following grounds to be argued, each ground to be applied severally to each of said pleas:

1.   Said plea is indefinite and uncertain.

Cosmopolitan Fire Ins. Co. v. Putnal—Opinion of Court.

2. The terms of either policy in this suit with reference to the said Iron Safe Clause are not set out.

3. The plea has no application to the 2nd and 3rd counts of plaintiff's declaration.

4. No forfeiture is alleged or claimed by reason of the alleged acts or omissions.

5. Said plea alleges a legal conclusion and the conclusion of the pleader.

6. The provisions of the Iron Safe Clause have no application to a policy upon a store building and the store furniture therein contained, and hence neither of said pleas constitutes a defense to the 2nd and 3rd counts of plaintiff's declaration.

7. The said pleas nor either constitutes a defense to either count of declaration.

### Demurrer to 5th Plea.

And the plaintiff demurs to the 5th plea filed in said cause February 25, 1909, because the same is bad in substance, and for cause says:

1. Said plea is double in that it alleges failure to give notice, failure to make inventory, and failure to make proof of loss, each of which grounds would constitute a separate offense.

2. Said plea is indefinite and uncertain.

3. It does not appear whether said plea is in bar or in abatement.

4. Said plea does not allege that notice and proof of loss were not given before bringing suit.

5. It is not alleged that plans and specifications were requested.

6. As to plans and specifications said clause has no application to the 1st and 3rd counts of the declaration.

7. It is not shown that a certificate of a magistrate was requested.

### Demurrer to 6th Plea.

And plaintiff demurs to defendant's sixth plea because the same is bad in substance, and assigns for cause:

1. No false swearing is alleged.

2. It is not alleged that the description of the property in said policy or either of them was knowingly and wilfully false.

3. Said plea is indefinite and uncertain in that matters are therein alleged on information and belief; nor is it shown that the interest of the property insured was different from that stated in the policy; nor is it alleged what persons, other than the plaintiff, if any, had any interest in the property insured.

4. It does not appear to which count said plea is intended to apply.

### Demurrer to 8th Plea.

After plaintiff demurs to defendant's 8th plea to 3rd count, filed in said cause February 25th, 1908, because the same is bad in substance, and assigns for cause:

1. That said plea is double.

2. It is uncertain.

3. It does not allege what covenants and warranties plaintiff did not keep, or what terms of said policies plaintiff failed to comply with.

4. Said plea does not deny that defendant refused to settle plaintiff's said claim, and the matter attempted to be set up in avoidance is not sufficiently pleaded."

Upon this demurrer the judge made the following order: "This cause was submitted upon the above demurrer and

argued by counsel for plaintiff, no one appearing in person or by brief for defendants, and upon consideration thereof it is ordered that the demurrer to the first plea filed Jan. 4th, 1909, be sustained, and overruled as to the second plea. It is further ordered that the demurrer to pleas 1, 2, 3, 4, 5, 6, 7 and 8 said demurrer is sustained and the defendant allowed until Aug. 20th, 1909, in which to amend his pleadings."

The defendant filed amended pleas within the time allowed, the cause was tried by jury and there was verdict and judgment for the plaintiff below, which judgment the defendant below brings here for review by writ of error. The ruling upon said demurrer is assigned as error. There was no error in this ruling.

The first plea filed January 4th, 1909, does not set forth the terms and conditions of the policies as to proofs of loss that the plea alleges non-compliance with by the plaintiff, and sets up a conclusion of the pleader without the facts upon which conclusion is drawn. The 1st, 2nd, 3rd and 4th pleas filed February 25th, 1909, are all of them addressed to each and every count in the declaration, and allege failure on the part of the plaintiff to observe and comply with the "iron safe" clause in said policies. While these pleas may be good as to the first count in the declaration on the policy insuring the stock of merchandise, yet it is obvious that they have no relation to and contain no defense to the second count of the declaration declaring on a policy on a store building, nor to the third count in the declaration claiming attorneys' fees, yet all of said pleas are expressly directed to each and every count in the declaration. The general rule seems to be well settled that if a plea is to the whole declaration, or to any part thereof, it must be good for the whole or the entire part which it purports to answer, for if bad as to a part, it will

be wholly bad on demurrer, even for that which it in fact answers. And if the plea is not confined to a particular part, it will be taken as a plea to the whole declaration. 16 Ency. Pl. & Pr. pp., 577, 578, and authorities there cited; 31 Cyc. 142. The same may be said of the 5th plea. The defense set up therein might apply to one of the policies sued upon, while it does not apply to the other, yet the plea is set up as a defense to the whole declaration. The sixth plea undertakes to set up a defense upon facts upon which the defendant has been "informed and believes."

The allegations of a plea in a common law action should be stated positively, and not upon information and belief. State *ex rel.* Edwards v. County Commissioners of Sumter County, 22 Fla., 1; 31 Cyc., 189.

The seventh plea is simply a plea of *nil debit*, which plea is expressly forbidden in any action by rule 68 for the circuit courts in common law actions.

The eighth plea alleges that the plaintiff did not keep the covenants and warranties, nor comply with the terms of said policies, but is incomplete, vague and indefinite as a defense in that it fails to state warranties and conditions and terms of the policies that it claims the plaintiff has not kept and performed.

It is also assigned as error that the court refused to permit the defendant to file an additional plea, and also refused an application for continuance of the cause for the term. But this court cannot consider either of these assignments because the subject-matter thereof are not evidenced to us by a bill of exceptions. There is no bill of exceptions in the transcript brought here. If a review of the refusal of the court to permit the defendant to file a demurrer and additional plea is desired, those papers should be evidenced to the appellate court by a bill of

exceptions. Stringfellow v. Coons, 57 Fla., 158, 49 South. Rep., 1019; Muller v. Ocala Foundry & Machine Works, 49 Fla., 189, 38 South. Rep., 64. Motions for continuance of a cause and the affidavits in support thereof, the ruling of the court thereon and the exceptions to such ruling must be evidenced to the appellate court by a bill of exceptions, otherwise it cannot be considered by such court. Paragraphs 1693 and 1694 General Statutes of 1906.

Finding no error the judgment of the circuit court in said cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.