AVON MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error*, v. JOHN G. HERRING, *Defendant in Error.*

Division A.

Opinion Filed June 13, 1927.

Petition for Rehearing Denied July 14, 1927.

1. When the transcript of a record filed in this Court on a writ of error to the judgment entered in the cause discloses that about a year elapsed between the filing of the declaration to which a demurrer was sustained and the filing of an amended declaration and nearly a month later, on a rule day, a judgment by default was entered by the clerk on praecipe by plaintiff's counsel for failure to plead or demur to amended declaration, such entry of default will not be presumed to have been unlawfully entered.

2. Pleas to a declaration that are proffered and not permitted by the Court to be filed are properly evidenced to this Court by bill of exceptions.

3. When the transcript of record discloses that a default was entered against the defendant for want of a plea, but a plea of the general issue nevertheless was filed after the entry of default and the parties went to trial upon that issue which resulted in a verdict for the plaintiff on the merits, the defendant has no ground for complaint on that account.

4. When additional or amended pleas are desired to be interposed to a declaration leave of court for so doing should first be obtained.

5. Where in an action for damages for personal injuries a default for want of a plea is entered there remains only the matter of the assessment of damages by the jury.

6. When after the entry of a default for want of a plea to a declaration the parties nevertheless go to trial on a plea of the general issue interposed after the default which results

in a verdict for the plaintiff, no effort having been made to open the default, the defendant may not be heard to complain of the trial court's refusal to allow the filing of special pleas or an order sustaining motions to strike them from the files when they had been filed without authority from the court unless the declaration upon its face was wholly bad and stated no cause of action.

7. Evidence examined and found sufficient to sustain the verdict.

A Writ of Error to the Circuit Court for Highlands County; George W. Whitehurst, Judge.

Judgment affirmed.

*Leitner & Leitner,* for Plaintiff in Error;

*George A. DeCottes* and *Fred R. Wilson,* for Defendant in Error.

ELLIS, C. J.—John G. Herrin was an employee of the Avon Manufacturing Company in August, 1921. The Company operated a crate mill for the manufacture of crates and crate material. In the business in which it was engaged it employed certain machinery among which was a device called a gang saw, mounted upon a table-like structure about 3½ feet high, and was driven by a pulley and belt. The pulley was located under the table. It became necessary from time to time while the machine was in operation sawing lumber into crate material to remove the sawdust which fell from the saws upon the floor below and accumulating in a pile tended to obstruct the free and regular rotation of the saws.

The plaintiff in error, Herrin, was employed to "run and operate" the machine. He was a man of about middle age or slightly more. It was part of his duty to remove the

sawdust from time to time; to do which he was provided with a stick or an implement made by fastening a small board to a handle to serve as a rake. While engaged in this work on the 26th day of August, 1921, he allowed the stick or implement mentioned to come in contact with the pulley under the table or the belt which connected it with the "gang saw" machinery, his left arm was jerked upward toward the gang saw, and his left hand was severed by the revolving saws.

In October, 1921, he brought an action against the Company for damages for personal injury. There was a demurrer to the declaration which was sustained and in October, 1922, one year afterwards he caused to be filed an amended declaration. The first count of the declaration alleged that the plaintiff was employed by the defendant to operate the "gang saws"; that it was a dangerous employment, "more than ordinarily so in the removal of accumulated sawdust underneath, around and about said gang saws" in the manner hereinafter set forth which it was necessary for the plaintiff to do in the performance of his duties. It was alleged that the pulley underneath the gang saws was "uncovered, unprotected and unguarded," which made the removal of the sawdust dangerous; that the plaintiff was inexperienced in the employment in which he was engaged; was not familiar with the manner of the operation of the saws; that the "plaintiff was directed by the foreman, who was authorized to do so, to operate the gang saws"; that the foreman failed to warn and instruct the plaintiff as to the danger; that the foreman directed the plaintiff to "remove said sawdust with a stick"; that plaintiff was not warned of the danger.

The second count alleged that the plaintiff was employed to operate the gang saws but the defendant did not provide a safe place for the plaintiff to work because the pulley was

unguarded; that the foreman directed the plaintiff to remove the sawdust while the saws were running and in undertaking to remove it the plaintiff was injured.

The third count alleged that the plaintiff was employed by the defendant to operate the saws but failed to provide a safe place for the defendant to work because the gang saws were not provided with a suitable device for "stopping the running thereof" when it became necessary to do so; that the removal of the sawdust rendered it necessary to stop the saws from running.

The fourth count alleged that the plaintiff was employed by the defendant to operate the saws; that the defendant failed to provide a safe place for the plaintiff to work because the gang saws were not provided with a blower for blowing away the sawdust as it accumulated, or other suitable device for removing it. Each count alleged that the foreman directed the plaintiff to remove the sawdust.

A default against the defendant for failure to demur or plead was entered on November 6, 1922.

No action seems to have been taken on the default, and on February 7, 1923, the defendant interposed its plea of not guilty. There was a trial and verdict for the plaintiff on that plea rendered February 7, 1923. A motion for a new trial was granted to which order the plaintiff took a writ of error and the order was affirmed. The opinion was delivered by this Court on April 11, 1924. The writ of error was taken June 30, 1923. See Herrin v. Avon Park Mfg. Co., 87 Fla. 385, 100 South. Rep. 174.

The record in the instant case discloses that on July 3, 1923, while the cause was pending in this Court, the "defendant filed its amended plea." There appears to have been no authority for so doing.

This "amended plea" consisted of three pleas to each count. In each set of pleas there was one which averred

that the plaintiff by his negligence contributed proximately to his injury. On September 5, 1924, the plaintiff demurred to the pleas setting up the defense of contributory negligence. The demurrer was sustained. Defendant then tendered another plea of the same character and plaintiff's counsel asked for further time to demur to the plea. The Court denied both requests and required the parties to go to trial. A jury was then called and on the 6th day of September the parties went to trial on the "issue joined." There was a verdict for the plaintiff in the sum of $8,350.00 and judgment entered for that amount and costs.

A writ of error was taken by the defendant to the judgment.

The bill of exceptions shows that on June 14, 1923, the defendant moved the court for leave to withdraw the plea of not guilty and interpose a demurrer to the declaration. The motion was denied. That action of the court is made the basis of the first assignment of error.

The bill of exceptions also discloses that on September 5, 1924, the plaintiff moved to strike all the pleas filed by the defendant on July 3, 1924, except four, to which the defendant demurred. The four referred to were those above mentioned which set up the defense of contributory negligence. The motion to strike the other pleas filed on July 3rd was based upon the ground that they set up no defense. The defendant asked that the motion to strike be visited upon the declaration, which the defendant claimed was bad.

The court struck the pleas, sustained the demurrer to the four setting up the defense of contributory negligence and denied defendant's motion to let the motion to strike "reach back to the declaration."

The defendant then tendered four additional pleas to the amended declaration. Those pleas were lettered "A, B, C

and D." They set up the defense of contributory negligence. It was averred in the plea lettered "A" that the plaintiff contributed to his own injury in that he negligently took a short stick and reached his hand under said gang saws at which he was working." The plea lettered "B" contained the same averment but omitted the word negligently and inserted the word "proximately" after the word contributed. The averment in plea "C" was the same as that in "B" except that it averred that the plaintiff "took a short stick to take out the sawdust from under the gang saws instead of taking a long rake or long stick to get it out." The plea "D" averred that the plaintiff "contributed proximately to his own injury in that he operated the said gang saws or attempted to remove the sawdust from said saws contrary to instructions.

The defendant moved the court to substitute the pleas lettered "A, B, C, D" for those to which the demurrer had been sustained; to which the plaintiff objected because they were not presented in time. The objection was sustained. The bill of exceptions then recites that the parties went to trial upon the issues "made up by the court" which was the issue made by the plea of not guilty.

It was proper that the proffered pleas should be evidenced to this court by a bill of exceptions. See Stringfellow v. Coons, 57 Fla. 158, 49 South. Rep. 1019; Cosmopolitan Fire Ins. Co. v. Putnal, 60 Fla. 41, 53 South. Rep. 444; Davant v. Weeks, 78 Fla. 175, 82 South. Rep. 807.

The history of the case reveals that it had been pending about a year and two months from the date of filing the amended declaration to the last trial.

The action of the court in refusing to allow the withdrawal of the plea of not guilty and permitting a demurrer to the declaration to be filed involves the question whether the declaration failed to substantially state a cause of ac-

tion; because if it is fatally defective there could have been no purpose in allowing the parties to go to trial upon a cause of action that did not exist. If upon the other hand a cause of action is stated even though defectively, so that it is not clearly and concisely presented with that degree of certainty which the rules of pleading require and are designed to accomplish, we would not disturb the ruling because in that case the trial judge's discretion could not be said to have been abused. See Hart v. Smith, 20 Fla. 58.

The declaration does not wholly fail to state a case. It is possible to extract from its allegations that the plaintiff claims to have been in such relation to the defendant that the latter was bound under the law to take such action as was reasonably necessary to prevent the plaintiff from injury while in the defendant's employment and which action the defendant failed to take resulting in the plaintiff's injury.

The relation was master and servant. The plaintiff was inexperienced; the work was of a dangerous character; the defendant failed to warn the plaintiff of the danger and failed to provide him with a suitable implement for removing the accumulated sawdust and failed to guard against danger to an inexperienced person whose duty it was to remove the sawdust by covering the pulley with a suitable protection or installing a "blower" to remove the sawdust by action of air upon it.

This situation, as alleged in the declaration, in the absence of any fact or condition which relieved the defendant of its duty or which showed its full discharge of it or which showed the plaintiff to have known the risk of his employment and assumed it or which showed that he contributed to his own injury by his carelessness entitled the plaintiff to recover.

We think that the trial court did not abuse its discretion

in not allowing the plea of not guilty to be withdrawn and a demurrer to be interposed to the declaration.

The next error assigned is that the court erred in striking parts of the amended plea.

The amended declaration was filed on the 7th day of October, 1922. On the rule day in November following the defendant failed to plead to the amended declaration and on the 6th day of that month a default was entered by the clerk on motion of the plaintiff for failure to plead or demur. On the 7th day of February, 1923, the defendant filed a plea of not guilty and on the 3rd day of July, 1923, filed the ''amended plea'' referred to in the second assignment.·

The record discloses no authority for the filing of the amended pleas. See Sewell v. Huffstetler, 83 Fla. 629, 93 South. Rep. 162.

A default having been entered for failure to plead on or before the rule day in November, 1922, and the default not being opened all defenses were precluded. It was merely a question of the assessment of damages.

The opening of the default was a matter within the discretion of the judge; but no application was made to him to open it. The defendant's attorneys seem to have treated it as a nullity, but there is nothing in the record to show that it was void. The judge might in his discretion on proper application have opened it. See Dudley v. White, 44 Fla. 264, 31 South. Rep. 830; Loring v. Wittich, 16 Fla. 617; Tidwell v. Witherspoon, 18 Fla. 282; Day v. Hurchman, 65 Fla. 186, 61 South. Rep. 445; Benedict v. W. T. Hadlow Co., 52 Fla. 188, 42 South. Rep. 239; North American Acc. Ins. Co. v. Moreland, 60 Fla. 153, 53 South. Rep. 635.

As there was no authority for filing the pleas, no motion to set aside the default, no evidence of abuse of discretion

on the part of the judge in dealing as he did with the pleas, there was no error in sustaining the motion to strike them nor any error in sustaining a demurrer to them. This disposes of the assignments of error except that one which attacks the verdict as unsupported by the evidence.

There is no merit in that assignment. It appears that the parties notwithstanding the plaintiff's right under the pleadings and default to submit only the question of damages did in fact try the case on the plea of not guilty; but of that the defendant has no valid ground for complaint. All evidence other than that relating to the damages sustained was immaterial and inadmissible. It was admitted, however, the defendant got the full benefit of all evidence admissible under the plea of not guilty. This was through a kind of consent by all parties. The evidence sustained the case made by the declaration and the judge did not err in refusing to set aside the verdict.

No error appearing to have been committed harmful to the defendant the judgment is hereby affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.

PER CURIAM.—Upon consideration of the petition for rehearing filed herein by counsel for Plaintiff in Error, it is considered by the Court that the opinion heretofore filed in this cause should stand as the opinion of this Court; but upon a further consideration of the entire record it seems to the Court that the judgment is excessive in amount. It is therefore ordered by the Court that if the plaintiff below within thirty days after the mandate is filed in the trial court shall enter a remittitur of $3.350.00, the judgment

will stand affirmed for the remainder of $5,000.00, otherwise the judgment will stand reversed for a new trial. Tampa Electric Company v. Wetherford, 89 Fla. 418, 104 South. Rep. 862.

It is so ordered and petition for rehearing is hereby denied.

All concur.