JOSEPH W. RUSS, APPELLANT, VS. JOHN B. GILBERT ET UX., APPELLEES.

1. The opening of a default for want of a plea is within the sound discretion of the court, and this court will not interfere unless there has been a gross abuse of that discretion. It must appear that the ends of justice require that the defendant be permitted to plead to warrant the reversal of an order refusing to open a default. A purely discretionary order will not be reversed.

2. Where pleas had been prepared and left with a party to be sworn to and filed, and the party forgot to file them in time to prevent a default, and on an application to open the default no sworn plea to the merits was tendered, no affidavit of facts showing a substantial defence upon the merits, and no proof that the party had stated or exhibited to his attorney all the facts of his case upon which counsel advised him that he had a substantial defence upon the merits were read upon the motion, such application is addressed merely to the favor of the court, and not as a matter of right in furtherance of justice.

3. When a defendant makes default by failing to plead, he confesses the cause of action and right of recovery, but he may, upon inquest, contest the amount of damages. In such case all the plaintiff is required to prove, or the defendant is permitted to controvert, is the amount of damages.

4. Section 22 of the act of 1828, (McClellan's Dig., 822, §37,) providing that the appearance of a defendant by attorney will prevent a default for not pleading, is repealed by the second and sixth sections of the Practice act of 1873. Chapter 1938.

5. A default for not pleading may be entered on the " Fourth of July," if that be a rule day.

Appeal from the Circuit Court for Jackson county.
The facts of the case are stated in the opinion.

*D. L. McKinnon* for Appellant.

*B. S. Liddon* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

This was an action of ejectment commenced by appellees against appellant in Jackson county. The declaration was filed and process issued in May, returnable at rule day in June, 1881. Summons was served May 14th, and on the rule day defendant entered his appearance by attorney. On rule day in July, no plea or demurrer having been filed by defendant, his default was duly entered. At the Fall Term, November 16th, 1881, a motion was made to open the default upon affidavits of the agent of the defendant and of his attorney, which motion was denied. Affidavits were read upon the hearing of the motion, which are referred to hereafter.

After the denial of the motion an inquest was had by a jury, who found for the plaintiff and assessed the damages for mesne profits, for use and occupation of the premises, at one hundred and fifty dollars, on which final judgment was rendered against defendant.

Upon the inquest defendant appeared by counsel. Mrs. Gilbert was sworn on the part of the plaintiffs and testified that the land in question was deeded to her by one Swails; that the deed was lost and she was unable to find it. De-

fendant's counsel, upon cross-examination, asked the question : " Did you sell the land in question to W. S. Spears ?" The question was objected to by plaintiffs' counsel on the ground that by the default of defendant he was not entitled to give evidence of matters of defence, and the objection was sustained. Plaintiffs then offered in evidence the record book of deeds containing a deed from P. J. Swails to Louisa C. King, conveying the land in question. This was objected to on the ground that it was not *per se* evidence, but the due execution of the deed should be proved by the attesting witnesses ; but the Judge overruled the objection and permitted the deed to be read in evidence.

The appellant assigns for error : 1. The ruling of the court refusing to set aside the default and permitting him to plead. 2. In refusing to permit the question to Mrs. Gilbert to be answered as to her sale of the property. 3. In permitting the introduction of the record of the deed without proof of its execution ; and lastly, that the default was illegal because it was entered on the fourth of July, a national holiday.

This court, in Waterson vs. Seat and Crawford, 10 Fla., 326, said that whether a default should be opened depended upon all the facts and circumstances of the case. The court reversed the ruling of the Circuit Judge, who refused to set aside the default where the defendant showed by his affidavit that he had a meritorious defence to the action. and was corroborated by the testimony of other persons conversant with the facts ; that the pleas had been prepared and placed in the hands of one of his attorneys to be filed, and there was no culpable negligence on his part, he being unavoidably absent at the time the default was entered. One of his attorneys died about that time. The court reversed the ruling of the court below on the ground that the exercise of sound discretion required that the defend-

ant should have been permitted to make his defence, he having shown to the court the existence of facts constituting a defence upon the merits, and had been guilty of no culpable negligence.

We held, in Loring vs. Wittich, 16 Fla., 617, that where, in a matter of this character resting in the mere discretion of the court below, its order would not be reversed for error, and we said that had the defendant tendered a good plea to the merits or filed an affidavit of merits, and offered to go to trial at once upon a material issue, the court might well have permitted him to plead, but this was a matter addressed to the sound discretion of the court.

Says the Supreme Court of Illinois, in the Union Hide and Leather Company vs. Woodley, 75 Ill., 435 : "It is a matter resting in the sound discretion of the court to whom an application is made whether a default shall be set aside, and an appellate court will not interfere unless there has been a gross abuse of the discretion." Greenleaf vs. Roe, 17 Ill., 474 ; 51 Ill., 232 ; 83 Ill., 192 ; 90 Ill., 543 ; see, also, cases cited in Loring vs. Wittich.

If it appears that the ends of justice require it, the judgment by default will be set aside on terms and the defendant allowed to defend. Taylor on Eject., 441.

This comprehends the rule in 10 Fla., 326, above cited. If the defendant has not been guilty of culpable negligence, and shows that he has a meritorious defence, offers to plead it and go to trial without delay, it would be a gross abuse of discretion to refuse to allow him to defend himself, and in such case this court, by virtue of its corrective power, would set aside such abuse of judgment.

What is the case before us in respect to this question? Mr. Guyton, defendant's agent, says that the attorney of defendant drew up some pleas for defendant to swear to about June 1, with instructions to file them on or before

rule day in July ; that the instructions escaped his attention until a day or two before the time, when he looked. for them and could not find them until the day after they should have been filed, and then brought them down to be filed ; that he believes he has a good and substantial defence to the action, and his attorney has so advised him after having made a thorough examination of the case. He learned from his attorney that he had requested the attorney of plaintiff to open the default, and plaintiff's attorney said he would if his client did not object. Defendant's attorney states that he drew up the pleas and handed them to Mr. Guyton to be sworn to and filed. He applied to plaintiff's attorney to open the default very soon after it was entered, and said attorney consented to do so if his client would consent, and in consequence. of this promise he did not .make application to the Judge within sixty days to open the default.

The act of 1873, Chapter 1938, Section 6, provides that the court or Judge may, in term time or vacation, give the defendant further time to plead, and the court or Judge may, for good cause shown to him, open any default or judgment for want of appearance or plea and allow further time, " but the application therefor must be made within sixty days from the time of the entry of such default or judgment, unless a term of the court shall, in the meantime, be held, when such application must be made during such term."

Assuming that the reason of the attorney for failing to apply to the Judge within sixty days is an excuse for his delay, to-wit : that the opposing attorney had not notified him that he would not consent, the showing made by the affidavits is far from sufficient to give the right to demand a reversal of the order of the Judge refusing to. open the default. The cause shown would not be sufficient if the

application had been made within that time. The defendant, neither by his own affidavit nor by that of his agent or attorney, does not offer any sworn plea howing a defence, nor affidavits showing facts from which it can be inferred that he has any defence. The agent says "he believes that he has a good and substantial defence, and his attorney has so advised him after having made a thorough examination of the case." Now here is no fact whatever from which the Judge can determine that any defence exists, or that the application was made in good faith. And it is noteworthy that the attorney in his affidavit does not state any such facts, nor even that the "examination of the case" by him had induced him to believe that a defence on the merits of the case existed. The statement of the agent that the attorney told him so proves nothing as to an existing defence. It is, therefore, not shown that the defendant had any defence upon the merits, not even that a plea of any character was sworn to by the defendant or his agent or attorney.

The rule as laid down in Waterson vs. Seat, et al., in 8 Fla., or in Loring vs. Wittick, 16 Fla., has been ignored in making this application. The case is one simply of an application to set aside a default regularly entered without any showing of merits, and is addressed merely to the favor of the court.

Appellant's counsel insists that under Section 22, act of 1828, (McClellan's Dig., 822, §37,) the entering upon the appearance docket of the name of defendant's attorney is equivalent to filing the general issue so as to prevent a default, though no plea be filed. That was undoubtedly the effect of that section, but the second and sixth sections of the Practice act of 1873, (Ch. 1938) have repealed Section 22 of the act of 1828, and provided that an appearance en-

tered only prevents a default for want of appearance and not a default for not pleading.

As to the alleged error in regard to refusing to permit the witness (plaintiff) to answer whether she had not sold the land in question ; and the error assigned in respect to the proof of the deed offered by the plaintiffs, it is only necessary to say that the plaintiff's title or right of recovery alleged in their declaration stood confessed by the default, and it was not necessary to prove it. " When the defendant is summoned to plead to the action, he stands mute (by his default), and thereby confesses the plaintiffs' cause of action and right of recovery ; but when a motion is made to assess the amount of the plaintiffs' damages he replies and claims the right to contest that question. * * * The authorities go to the fact that whatever would have been a bar to the action itself cannot be given in evidence in mitigation of damages." All the plaintiff has to prove or the defendant is permitted to controvert is the amount of damages. (Watson vs. Seat and Crawford, 8 Fla., 446, 449 ; Comyn's Dig. Pleader, C. ; Harlan vs. Smith, 6 Cal., 173 ; 15 Cal., 26.) There was no issue to be tried.

It was suggested and urged with commendable patriotic fervor that the default having been entered on the " glorious fourth " of July, it was void, that day being *dies non*, or a national holiday. Our statute on that subject merely provides that the fourth of July shall, in regard to bills and notes, be treated as a public holiday, and presentation for acceptance or payment may be made on the preceding day. Courts and business are not inhibited on those days.

The judgment is affirmed.