EUGENE C. HALE, *Appellant,* v. CHARLES A. YEAGER, AS EXECUTOR, ETC. *et al., Appellees.*

A decree pro confesso entered in a cause admits the truth of the definite and certain allegations of facts contained in the bill of complaint that tend to establish the equities of the case; and the allegations of the bill of complaint and the exhibits properly made a part thereof may be considered in ascertaining the rights and interests of the parties in the subject matter of the suit where equity has cognizance.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*F. B. Coogler* and *Fred L. Stringer,* for Appellant;

*Davant & Davant,* for Appellees.

WHITFIELD, C. J.—This appeal is from a decree in a partition suit adjudicating the rights and interests of the respective parties in the lands sought to be partitioned, ordering partition thereof and appointing commissioners to make the partition. This is not a final but an interlocutory decree, and errors assigned on other interlocutory . decrees and orders previously made in the cause cannot be considered on this entry of appeal. Camp . Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722. The only assignment of error applicable to the decree appealed from is that the court erred in entering the decree. This assignment is perhaps too general and indefinite to require of the court a critical examination of the entire record. The decree appealed from is not void for want of jurisdiction.

The decree pro confesso entered in the cause admits the truth of the definite and certain allegations of facts contained in the bill of complaint that tend to establish the equities of the case; and the allegations of the bill of complaint and the exhibits properly made a part thereof may be considered in ascertaining the rights and interests of the parties in the subject matter of the suit where equity has cognizance. 2 Andrews Am. Law, 1633; 16 Cyc. 495; Lybass v. Town of Fort Myers, 56 Fla. 817, 47 South. Rep. 346.

In this case the rights and interests of the complainants appear prima facie by the bill of complaint and the exhibits made a part thereof, and the record shows that counsel for the defendant stated to the court "that there was really no meritorious defence to be made to the partition suit." It does not affirmatively appear that no testi-

mony was taken in support of the allegations of the bill, but it does appear that counsel for the defendant was present at the hearing and argued the cause when the decree appealed from was rendered. Under these circumstances the decree adjudicating the rights and interests of the parties for the purposes of partition should be affirmed.

The interlocutory decree appealed from is affirmed.

All concur.