City of Ocala v. Anderson—Syllabus.

WHITFIELD, C. J., took no part.

CITY OF OCALA, *Appellant*, v. H. L. ANDERSON, *Appellee*.

1. An answer without signature, seal or verification by or for the defendant may be treated as a nullity, and a decree pro confesso entered.

2. A decree pro confesso entitles the complainant to the relief for which a proper predicate has been laid in the bill of complaint.

3. Where a bill in equity brought to enjoin the construction by a city of a highway on complainant's land alleges in specific terms the title and possession of the complainant, the acts of the officers and agents of the city in constructing the highway on the land without authority of law or notice to or permission from or compensation to the complainant, and prays for appropriate injunction, the relief prayed may be granted whether the city authorized the acts of its agents or not.

4. Under special circumstances warranting it a mandatory order may be made by a court of equity to restore to its former condition property that has been trespassed upon. Such mandatory decrees should, except in rare cases, be made only on final hearing.

This case was decided by Division A.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Davis & Martin,* for Appellant;

*H. M. Hampton,* for Appellee.

WHITFIELD, C. J.—The appellee brought a suit in equity in the Circuit Court for Marion County to enjoin the City of Ocala from unlawfully constructing a public street upon appellee's land against his consent, alleging that no condemnation proceedings had been taken to subject the property to the public use and no compensation for such use had been made or tendered. An answer without signature or seal or other verification by the defendant city or its officers or agents was disregarded and a decree pro confesso was entered by order of the court, and a final decree as prayed was rendered from which the defendant appealed.

An answer without signature, seal or verification by or for the defendant may be treated as a nullity, and a decree pro confesso entered. See Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527; Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327; Dudley v. White, 44 Fla. 264, 31 South. Rep. 830; Kahn v. Weinlander, 39 Fla. 210, 22 South. Rep. 653; Section 1877 General Statutes of 1906.

A decree pro confesso entitles the complainant to the relief for which a proper predicate has been laid in the bill of complaint. Price v. Boden, 39 Fla. 218, 22 South. Rep. 657; City of Orlando v. Equitable Building & Loan Ass'n, 45 Fla. 507, 33 South. Rep. 986.

The bill of complaint alleges in specific terms the title and possession of the complainant to and of the land, the acts of the officers and agents of the defendant in con-

structing a highway on the land without authority of law or notice to or permission from or compensation to the complainant, and prays for an appropriate injunction. A decree in substantial accord with the allegations and prayer and the rights of the complainant on the case made was entered.

The construction of the street as alleged is an unconstitutional taking of the complainant's real estate that may be enjoined. Whether the city authorized its agents and officers to violate the complainant's rights or not it is alleged they were doing so as agents and officers of the city and they were properly enjoined. Under the special and general prayer and the facts alleged it was not improper for the court to incorporate in its final decree a mandate to restore the property to its condition at the time the unlawful construction of the street thereon was begun. Taylor v. Fla. E. C. Ry., 54 Fla. 635, 45 South. Rep. 574, 127 Am. St. Rep. 155; 56 Fla. 789, 47 South. Rep. 345.

The decree is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.