The North American Accident Insurance Company, a Corporation, *Plaintiff in Error*, v. Nellie Moreland, *Defendant in Error.*

1. A judgment by default properly entered against parties *sui juris*, operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment.

2. A judgment by default entitles the plaintiff to the relief for which a proper predicate has been laid in the declaration.

3. After judgment all reasonable intendments should be indulged to support the pleadings.

4. In an action on an indemnity contract, after judgment a declaration is not fatally defective when the character of the injury is clearly shown and it is in effect expressly alleged that the injury was received under conditions that render the defendant liable, if it appears from the declaration that the injury could reasonably have been received under any one of the circumstances stated as a condition to liability in the contract of indemnity.

5. While the contract made a part of the declaration as the basis of the cause of action cannot be used to supply an omitted allegation essential in stating the right of action, and if the allegations and the contract made a part of the declaration are

154    SUPREME COURT OF FLORIDA.

North American Accident Ins. Co. v. Moreland—Opinion of Court.

so repugnant or inconsistent as to neutralize each other, no cause of action would appear or the variance may be fatal, yet if the contract is not repugnant to or inconsistent with the allegations, it may be referred to in support of and may amplify or elucidate proper and sufficient allegations.

6. Where the sufficiency of a declaration is not tested by demurrer or otherwise, and the defendant suffers judgment by default to be entered, after final judgment, on writ of error all just intendments should be indulged to sustain the pleadings, when no essential allegations in stating a cause of action is omitted.

7. Where the declaration affords a legal basis for a judgment and no other question is presented for determination, the judgment will be affirmed.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Kay & Doggett* for Plaintiff in Error.

*A. H. King* and *E. G. Baxter* for Defendant in Error.

WHITFIELD, C. J.—The defendant brought an action in the circuit court for Duval county, Florida, on an accident insurance policy in which she was the designated beneficiary. It is alleged that on July 29, 1908, in Alachua county, Florida, William H. Moreland, the person insured, "met his death from the effects of a gun shot wound then and there inflicted upon said William H. Moreland's body. That said bodily injury resulting in the death of said William H. Moreland was then and there effected directly and independently of all other causes, through external, violent and accidental means," * * * "and said bod-

VOL. 60, JUNE TERM, 1910.    155

North American Accident Ins. Co. v. Moreland—Opinion of Court.

ily injury and death occurred in all respects and in such circumstances as to come within the promise of said defendant to pay the said William H. Moreland's beneficiary." The contract or policy of insurance is attached to and made a part of the declaration. By the policy it appears that the contract was to "insure the person described * * * against loss caused by bodily injuries as hereinafter provided * * * Two thousand dollars for loss of life * * * provided the assured shall sustain, exclusively by the means hereinafter stated, (fatal) bodily injuries effected solely by external violent or accidental means * * *:

(1) While actually riding as a passenger in a place regularly provided for the transportation of passengers within a street car, railroad, car, steamboat, automobile, omnibus, cab, or other public conveyance provided by a common carrier for passenger service only; or

(2) While riding as a passenger in any passenger elevator in a place regularly provided for the sole use of passengers; or

(3) Through the explosion of a stationary, locomotive, marine or portable boiler, when such explosion causes the destruction of such boiler; or

(4) By the burning of a dwelling, hotel, theater, store or barn, in which the assured may be burned by fire or suffocated by smoke, but this shall not apply to or cover the assured while acting as a volunteer or paid fireman; or

(5) In consequence of freezing; or

(6) At the hands of any burglar or robber when robbing, or attempting to rob, by force, the assured; or

(7) While actually riding within any private automobile, provided that the assured shall not then be a hired driver thereof, in consequence of a collision or other acci-

dent to the conveyance in which the assured is so riding; or

(8) While riding within a conveyance drawn by horse power, provided that the assured shall not then be a hired driver thereof, nor be riding or driving in or upon any conveyance used for any business purpose, or any work whatsoever (but this exception shall not apply to any physician or surgeon then employed in the practice of his profession, or any commercial traveler selling goods from samples for future delivery only), in consequence of collision or other accident to the conveyance in which the assured is so riding; or

(9) In case a regular physician, surgeon, undertaker or dentist cuts or wounds himself accidentally while holding an autopsy; or performing a surgical operation and by reason of such cutting or wounding and simultaneously therewith is inoculated with poison; or

(10) While walking on a public highway, by being knocked down, struck, run over, or injured by actual contact with any conveyance or vehicle propelled by steam, electricity, cable, gasoline or compressed air, including conveyances drawn by horse power, but this clause shall not apply to or cover any injury, fatal or otherwise, resulting directly or indirectly, from the attempt at, or the act of getting on or off any such conveyance or vehicle; or

(11) While riding upon a bicycle and in consequence of a collision with any conveyance except a bicycle; or

(12) While riding upon a bicycle propelled by gasoline and not being used for business purposes, and in consequence of a collision with any conveyance except another motor cycle."

Judgment by default for failure to appear was entered and a final judgment consequent thereon was rendered for the plaintiff, to which a writ of error was taken.

It is urged that the declaration "does not show that the

cause of death resulted from one of the twelve kinds of accidents insured against, and that the declaration states an absolute promise, while the contract shows a conditional promise of indemnity.

A judgment by default properly entered against parties *sui juris*, operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment. If the allegations and the fair inferences from the allegations state a cause of action in favor of the plaintiffs, the allegations as to the right of action are taken to be true. Whether the admitted allegations state a cause of action is for the court to determine. Russ v. Gilbert, 19 Fla., 54; Watson v. Seat, 8 Fla., 446; 6 Ency. Pl. & Pr., 117. See also Lybass v. Town of Ft. Myers, 56 Fla., 817, 47 South. Rep., 346; Hale v. Yeager, 57 Fla., 442, 49 South. Rep., 544.

A judgment by default entitles the plaintiff to the relief for which a proper predicate has been laid in the declaration. See Ocala v. Anderson, 58 Fla., 415, 50 South. Rep., 572. If the allegations of the declaration do not form a legal basis for the judgment recovered, it will be reversed on appeal. See 6 Ency. Pl. & Pr., 118. After judgment all reasonable intendments should be indulged to support the pleadings. See Kirton v. Atlantic Coast Line Ry. Co., 57 Fla., 79, 49 South. Rep., 1024.

A declaration should contain by direct statements or by fair inferences from such statements all the essentials of a cause of action. Where liability for indemnity arises only when injury is received under any one of several stated conditions, a declaration alleging such liability should show either by direct allegations or by fair inferences therefrom that the injury complained of was received

under some one of the stated conditions. After judgment a declaration is not fatally defective when the character of the injury is clearly shown and it is in effect expressly alleged that the injury was received under conditions that render the defendant liable, if it appears from the declaration that the injury could reasonably have been received under any one of the circumstances stated as a condition to liability in the contract of indemnity. A judgment by default properly taken admits the right of action if the declaration as a matter of law states one.

While the contract made a part of the declaration as the basis of the cause of action cannot be used to supply an omitted allegation essential in stating the right of action, and if the allegations and the contract made a part of the declaration are so repugnant or inconsistent as to neutralize each other, no cause of action would appear or the variance may be fatal, yet if the contract is not repugnant to or inconsistent with the allegations, it may be referred to in support of and may amplify or elucidate proper and sufficient allegations.

It is distinctly alleged that the death was caused by a gun shot wound upon the body of the assured and that the bodily injury was through external, violent and accidental means, and that "said bodily injury and death occurred in all respects and in such circumstances as to come within the promise of said defendant." The contract shows a promise to pay if the assured met his death from "bodily injuries effected solely by external violent and accidental means," under any of the enumerated circumstances above quoted. The declaration is consistent with the contract, and shows a liability of the defendant in that the insured might have received the gun shot wound that killed him "while actually riding as a passenger" under the first and second of the stated conditions or "at the hands of a burglar or robber," under the sixth, or possibly otherwise,

as indicated in the essential portion of the contract quoted above, in which case the bodily injury and death would have occurred in all respects and in such circumstances as to come within the promise of the defendant as alleged. There is nothing in the declaration or the contract inconsistent with this inference or conclusion of fact that may fairly be drawn from the allegations of the declaration and the contract made a part of the declaration. The sufficiency of the declaration was not tested by demurrer or otherwise, but the defendant suffered judgment by default to be entered, and it is proper that after final judgment and on writ of error all just intendments should be indulged to sustain the pleadings, when no essential allegation in stating a cause of action is shown to be omitted.

The declaration affords a legal basis for a judgment against the defendant on the contract; and as this is the only question here for consideration, the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.