### LEWIS v. JENNINGS.

Circuit Court, Dade County, Civil Appeal.

February 12, 1953.

Dixon, DeJarnette & Bradford, Miami, for appellant.

J. Harvey Robillard, Miami Beach, for appellee.

STANLEY MILLEDGE, Circuit Judge.

Mr. Lewis, an architect, sued Mrs. Jennings in the civil court of record on an implied promise to pay for the value of professional services. The case was set for a jury trial for October 3, 1951. Neither the defendant nor her counsel were present when the case was called and the judge ordered the trial to proceed regardless. At the conclusion of the plaintiff's case the judge directed the jury to return a verdict for the plaintiff in the amount of $3,366.50. Two days later a final judgment, based on this verdict, was entered.

The defendant did nothing until November 9, 1951, when she filed a motion to set aside the verdict and judgment in which her counsel stated that he learned of these proceedings in the latter part of October. The motion insisted that the defendant did not owe the plaintiff anything; that her counsel "for some unexplainable reason and inadvertence" failed to observe the trial listed in the Miami Review; and that it would be unconscionable to allow the judgment to stand when it would have been a simple matter to inform her counsel by telephone on the morning the case was called.

When this motion was argued the trial judge announced that he intended to grant it. The plaintiff then obtained from one of the circuit judges a writ of prohibition, which on the defendant's appeal was reversed, Hendry v. Lewis (Fla.), 59 So. 2d 854.

As he had previously announced he would do the trial judge thereafter vacated the judgment but, upon his attention being called to the fact that no order had been entered by the circuit court on the prohibition appeal, he vacated his order. The plaintiff's motion to vacate the directed verdict and the final judgment was again argued and the motion granted on November 4, 1952.

The plaintiff's argument is that the defendant failed to move for a new trial within the time provided by statute. He relies heavily on the dictum in the concurring opinion in Hendry v. Lewis, supra, that the trial court—"would have committed reversible error had it set the judgment aside upon the allegations contained in the motion to vacate the judgment . . ."

The argument that the defendant failed to meet procedural requirements is beside the point. The opening of judgments is a matter of judicial discretion. The question, then, is whether the trial judge abused this discretion, every intendment being in favor of its proper exercise. The problem usually arises as to defaults, but there is no difference in principle between opening a judgment suffered for failure to appear or suffered for failure of counsel and parties to attend the trial. The policy of the courts is strongly in favor of trial on the merits and against a judgment obtained on the procedural neglect of the adversary. A defendant's possession of substantial evidence against the claim weighs strongly with the court in setting aside an undefended judgment. It is sufficient to cite Coggin v. Barfield (Fla.), 8 So. 2d 9, and Perrin v. Enos (Fla.), 56 So. 2d 920. It seems to me that the trial judge was well within his discretion and that no abuse has been shown.

As I have already said, the plaintiff relies heavily on the dictum in the prohibition case. Nothing was before the Supreme Court except the jurisdiction of the civil court of record to vacate the judgment. Any opinion as to whether the questioned order was error was purely gratuitous and no court would insist on adhering to a curbstone view of an order not even entered and not argued or briefed.

At any rate, the dictum is that the trial judge "would have" been wrong in setting aside the judgment *"upon the allegations contained in the motion to vacate the judgment."*

If there were no other reason for vacating the judgment the judge was justified because, on motion of the plaintiff, instead of letting the jury decide, he erroneously directed a verdict. Failure to appear at the trial does not put a defendant in worse position than if he had not even answered the complaint.

A failure to contest an unliquidated claim does not admit the damages claimed. Russ v. Gilbert, 19 Fla. 54. Only a jury may decide the damages. Russ v. Gilbert, supra, and Wilhelm v. South Indian River Co. (Fla.), 124 So. 729. It seems to me that when a judge decides a question exclusively reserved to the jury the order is void and may be noted without having a party bring it to the court's attention. Parker v. Dekle (Fla.), 35 So. 4. At the very

least a judge who has usurped the function of the jury, at the instance of the plaintiff, has not abused his discretion in setting aside the judgment even if the defendant did not allege the usurpation.

The defendant's motion to vacate the judgment did not complain of the directed verdict. This did not prevent the matter from being considered by the trial judge for he knew what had occurred, and it was his discretion which was appealed to. Nor can the defendant be charged with failing to include this in her motion, for the verdict recites, erroneously, that the jury heard the evidence and the charges of the court and retired to consider their verdict. I know that the verdict was a directed one because both parties say so in their briefs. To sustain the judge's discretion in vacating the judgment it is only necessary that some reasonable basis for his action be found.

The order appealed from is affirmed.