284 So.2d 709 (1973)
Dick PALMER, Appellant,
v.
Frank N. THOMAS and Elizabeth H. Thomas, His Wife, Appellees.
No. R-357.
District Court of Appeal of Florida, First District.
November 13, 1973.
Milo I. Thomas, Jr., Lake City, for appellant.
Virlyn B. Willis, Lake City, for appellees.
WIGGINTON, Judge.
Defendant in the trial court has appealed a final judgment declaring null, void, and of no effect a tax deed held by him conveying lands in which the record fee simple title is vested in plaintiff-appellees.
Appellees filed their complaint in the trial court alleging that they are the owners of certain described lands located in Columbia County; that they entered into an agreement for deed with one Willie Mae Harrell in 1965, under the terms of which the purchaser was required to pay the taxes to be levied and assessed against the lands and to make periodic payments on the purchase price thereof. They allege that a tax certificate issued in 1969 for unpaid taxes levied against the lands for the year 1968, and that subsequently a tax deed based on such tax certificate was issued by the clerk of the court to defendant, Dick Palmer. The complaint further alleges that during *710 the year when taxes became delinquent, the lands were assessed on the tax rolls in the name of their purchaser, Willie Mae Harrell, but that on the dates the tax certificate and tax deed issued, legal title to the lands was vested in appellees and no notice of the application for tax deed was given to them as required by law. They allege that because of such failure to receive notice of the application for tax deed, the deed which subsequently issued was void and should be cancelled and set aside.
Appellant-Palmer was duly served with process but failed to appear as required by law, and a default judgment was duly and legally entered against him. Approximately one month later appellees filed a motion for entry of final judgment, which was supported by their affidavit attesting to the facts alleged in their complaint. It was in this posture of the case that the final judgment appealed herein was rendered, holding the tax deed issued to appellant-Palmer to be null and void and thereupon cancelling it of record. Within the time permitted by law appellant filed his notice of appeal and now seeks reversal of the judgment rendered against him.
We have carefully considered the grounds urged by appellant for reversal but have concluded that we are precluded from reaching the merits of the controversy as presented by appellant on this appeal. It well may be that the trial court misconstrued the statutes relating to the issuance of tax deeds, and that because of such misconstruction the deed held by appellant should be held to be valid and enforceable as contended by him. Such contention, however, was a matter of defense to the action which was required to be interposed by appropriate pleadings in accordance with existing rules of procedure, and which the trial court should have been afforded the opportunity of passing upon in arriving at its judgment in the case. This court has no authority to reverse a trial court for an alleged error which was neither properly raised in the trial court nor ruled upon during the course of the proceeding. Defenses to a cause of action must be raised and determined in the trial court before the rulings thereon may be urged on appeal as grounds for reversal unless jurisdictional or fundamental error is apparent on the face of the record. The function of an appellate court is to review errors allegedly committed by trial courts and not to entertain for the first time on appeal defenses which the complaining party could and should have but did not interpose and present to the trial court for decision.[1] The judgment appealed is accordingly affirmed.
RAWLS, C.J., and JOHNSON, J., concur.
NOTES
[1] 2 Fla.Jur. 629, Appeals, § 290.