308 So.2d 550 (1975)
GAC CORPORATION, Appellant,
v.
D. Eloise BEACH, Appellee.
No. 74-1051.
District Court of Appeal of Florida, Second District.
February 14, 1975.
*551 Daniel A. Carlton, of Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellant.
F. Joseph McMackin, III, of Spingler & Allen, Naples, for appellee.
HOBSON, Judge.
Appellant appeals an order denying its motion to set aside a default judgment. Appellee filed a complaint against appellant and others reading as follows:
Plaintiff, D. ELOISE BEACH, by and through the undersigned Attorney, sues GAC CORPORATION, JACK THOMAS ROLAND, PAT GRIFFIN, and DOROTHY MARIE LARKIN, and alleges:
1. This is an action for damages which exceed $2,500.00.
2. That on or about 26 July 1969 at approximately 1:00 P.M., Plaintiff was a business invitee in an automobile owned and operated by Defendant, JACK THOMAS ROLAND, who was at all relevant times an employee, acting within the scope of his employment of defendant GAC CORPORATION.
3. That on the above stated day and the above mentioned time on SR S-858 3.5 miles north of SR-84, defendant DOROTHY MARIE LARKIN, did negligently operate the motor vehicle she was driving and caused it to collide with the automobile in which Plaintiff was riding.
4. As a result of defendant's conduct, Plaintiff has suffered severe limitation of the right shoulder and pain in the entire right arm.
5. Plaintiff has sustained medical expenses, loss of wages, and pain and suffering in an amount in excess of $2,500.00.
6. Plaintiff has had to employ legal counsel, the undersigned, for the purpose of obtaining compensation for the injuries sustained by her due to defendant's negligence.
WHEREFORE, Plaintiff demands judgment for damages against defendants.
There is no dispute as to the service of process nor that appellant waited some eleven months after the default judgment was entered to file its motion to set aside said default judgment. Appellant contends that there is no allegation contained in the complaint which could form a legal basis for a judgment against it and, therefore, the trial court erred in not setting aside the default judgment entered against it.
In North American Accident Ins. Co. v. Moreland, 1910, 60 Fla. 153, 53 So. 635, our Supreme Court held at page 637:
A judgment by default properly entered against parties sui juris operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded, and forced inferences are not admitted by a default judgment. If the allegations and *552 the fair inferences from the allegations state a cause of action in favor of the plaintiffs, the allegations as to the right of action are taken to be true. Whether the admitted allegations state a cause of action is for the court to determine. Russ v. Gilbert, 19 Fla. 54; Watson v. Seat, 8 Fla. 446; 6 Ency.Pl. & Pr. 117. Sec also, Lybass v. Town of Ft. Myers, 56 Fla. 817, 47 So. 346; Hale v. Yeager, 57 Fla. 442, 49 So. 544.
A judgment by default entitles the plaintiff to the relief for which a proper predicate has been laid in the declaration. See Ocala v. Anderson, 58 Fla. 415, 50 So. 572. If the allegations of the declaration do not form a legal basis for the judgment recovered, it will be reversed on appeal. See 6 Ency.Pl. & Pr. 118.
We agree with appellant that the complaint filed by appellee is completely devoid of any allegations that could possibly form a legal basis for the entry of a judgment against it.
For the foregoing reasons the order appealed is reversed and the cause remanded.
McNULTY, C.J., and GRIMES, J., concur.