453 So.2d 826 (1984)
Gene ABRAMS, Dixie Sea Products, Inc., a Florida Corporation and Robert M. Moore, Appellants,
v.
Sally PAUL and Allen William Paul, D/B/a Paul's Seafood, Appellees.
No. AO-188.
District Court of Appeal of Florida, First District.
June 12, 1984.
*827 Van P. Russell, of Watkins & Russell, Apalachicola, for appellants.
Robert Cintron, Jr., of Dearing & Smith, Tallahassee, for appellees.
PER CURIAM.
Appellants were the defendants in a suit arising out of the sale of a stolen truck to the appellees. The amended complaint contained counts against Abrams and Dixie Sea Products Inc. for breach of warranties, a count against "defendants" alleging fraud, and a count against Moore (an attorney) for malpractice. Although the defendants answered the original complaint, they did not respond to the amended complaint and a default was entered some five months after the amended complaint was filed. Thereafter, a jury trial was held on the issue of damages which resulted in a verdict against the defendants, jointly and severally, in the amount of $22,000 actual damages and $22,000 punitive damages. By this appeal, the defendants challenge the entry of default and the jury verdict. We affirm on all points except the one discussed more fully below pertaining to the trial court's rejection of appellants' contention that they never received the notice of trial. On that issue we reverse and remand for reconsideration by the trial court.
Appellants first assert that the court erred in entering the default against defendant Moore because, they allege, the complaint fails to state a cause of action against him. We have thoroughly reviewed the record on appeal and find no indication that this assertion was ever presented to the trial court. Appellants' motion to vacate the default judgment does not even vaguely refer to the possibility that the default against Moore was improper because the allegations in the complaint were insufficient to state a cause of action against him. Whether the allegations of a complaint which are deemed admitted due to the entry of a default state a cause of action is, as with any other disputed legal issue, preliminarily for the trial court to consider. See North American Accident Ins. Co. v. Moreland, 60 Fla. 153, 53 So. 635 (1910). Since this issue is raised for the first time on appeal, the trial court has not been afforded an opportunity to determine the merits of appellants' assertion. If the issue had been presented to the trial court in the motion to vacate the default, its ruling thereon would, of course, be subject to review by this court. See e.g., GAC Corp. v. Beach, 308 So.2d 550 (Fla. 2d DCA 1975); Bay Products Corp. v. Winters, 341 So.2d 240 (Fla. 3d DCA 1976). However, in the absence of jurisdictional or fundamental error, it is axiomatic that it is the function of the appellate court to review errors allegedly committed by trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court. Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973); 3 Fla.Jur.2d Appellate Review § 92. Appellants do not contend that the alleged deficiencies in the complaint constitute fundamental or jurisdictional error, nor have we found any authority which would support such a contention. We therefore decline to consider the question of whether the complaint sufficiently stated a cause of action against defendant Moore.
Second, appellants argue that the default was improper because they had answered the original complaint. However, the amended complaint was filed after the effective date of the amendment to Fla.R. Civ.P. 1.190(a), which provides that "a party shall plead in response to an amended pleading... ." Therefore, the answer to the original complaint did not carry over so as to be considered a response to the amended complaint.
Next, appellants argue that they were entitled to a new trial because (1) they did not receive the notice of trial; (2) the notice of trial was mailed only 27 days before the trial was set; and (3) the trial court did not enter an order setting the case for trial. *828 Fla.R.Civ.P. 1.440. Rule 1.440 provides in pertinent part:
(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required, whether the trial is to be by a jury or not and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than thirty days from the service of the notice specified in subdivision (b)... .[1]
In their motion for a new trial, appellants alleged that they never received the notice of trial. The motion was accompanied by affidavits executed by Moore and his secretary to that effect. While the trial court found specifically that Moore's affidavits "were not sufficient to overcome" the "prima facie proof of service and receipt" arising from the certificate of service in the plaintiff's notice of jury trial, the language in the order indicates that the judge may have misapprehended his authority and duty to make a factual determination that defendants did or did not receive the notice of trial. The order states in pertinent part:
The certificate of service set forth in plaintiff's notice of jury trial is prima facie proof that the notice was mailed to and received by counsel for defendants. Defendant Moore's sworn affidavits that his office had not received the notice of jury trial were not sufficient to overcome such prima facie proof of service and receipt.
The presumption raised by the certificate of service is clearly not conclusive. Neither is a sworn denial of receipt either sufficient or insufficient as a matter of law in rebuttal of the presumption. Both Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980), and Winky's, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1970), support the proposition that whether the defendants received the notice of trial is a question of fact for the trier of fact. Both cases explicitly recognize that the certificate raises only a rebuttable presumption. Scott actually reversed the trial court and remanded for an evidentiary hearing on whether "the presumption of receipt created by such mailing has not been overcome by sufficient and competent evidence." 386 So.2d at 69. The Scott decision does contain, however, certain unfortunately worded dictum that "this presumption is not overcome by a denial, even though sworn, that the order was not received," citing in support of that statement Service Fire Insurance Co. of New York v. Markey, 83 So.2d 855 (Fla. 1955); Milros-San Souci, Inc. v. Dade County, 296 So.2d 545 (Fla. 3d DCA 1974); and Allstate Insurance Co. v. Dougherty, 197 So.2d 563 (Fla. 3d DCA 1967). Two of the cited decisions involved mailing notices of insurance cancellation which, under the terms of the respective policies, were deemed complete when mailed, irrespective of actual receipt by the insured. The other case, Milros-Sans Souci, involved the mailing of a tax assessment that was held to create a presumption of receipt which was not overcome by the appellants at an evidentiary hearing at which witnesses for the respective parties testified. The dictum in Scott should not, in light of the cited authorities, be taken to mean that a sworn denial of receipt is insufficient as a matter of law to overcome the rebuttable presumption. Winky's, Inc., involved personal service of process by a deputy sheriff on the resident agent of the defendant, who denied actual receipt. After a full evidentiary hearing on this question, the trial court found that "[b]y virtue of the fact that the Deputy Sheriff says he went to the place of business, was told who Mr. Krieger was, and served that individual, on *829 the face of it, proper service was had." 229 So.2d at 905. The trial court's holding that defendant's testimony denying receipt did not overcome the deputy's evidence of actual service was affirmed on appeal. Accordingly, neither Scott nor Winky's compels disregard of the affidavits of denial filed by defendant Moore and his secretary in the instant case.
The issue is therefore a factual one requiring the trial court to weigh the evidence and make a determination as to whether the notice was received. In addition to the attached affidavits, the motion herein stated affiant's preparedness to testify as to office records and lack of receipt. Since the record reflects no evidentiary hearing on the issue, and the quoted language from the order, supra, indicates that the trial court's determination was based upon the incorrect premise that the presumption of receipt established by the certificate of service could not, as a matter of law, be overcome by the defendant's sworn statements, we reverse the order of denial and remand the cause to the trial court for determination of the essential fact.
A difficult question is also presented by the allegations of reversible error based on the court's failure to enter an order setting the trial, for a time more than thirty days from the service of the notice. The rule expressly requires the trial court to enter an order setting the case for trial, and does not provide an exception for local practice to permit reliance on the notice and dispense with the order. However, in Padgett v. First Federal Savings and Loan, 378 So.2d 58 (Fla. 1st DCA 1979), this court took judicial notice that it is in fact the custom and practice in many jurisdictions to dispense with the order. Although the opinion criticized the practice, it stated that "we must accord a fairly wide latitude to the local courts in the handling of these matters." Because the defendants had received actual, timely notice of the trial, the court in that case found that they had not shown that they were prejudiced by the technical violation and no reversible error occurred.
More recently, in Heritage Casket and Vault Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983), this court refused to apply the harmless error doctrine in a case involving a violation of Rule 1.440. However, in that case the actual notice of trial[2] was mailed only eight days before the final hearing. While recognizing that the 30-day requirement has not always been rigidly enforced,[3] this court held that such short notice (effectively seven days at the most) did not comport with due process requirements and refused "to stretch the limits of the trial court's discretion to permit such a complete disregard for a rule of civil procedure."
Although the present case falls somewhere between Padgett and Heritage Casket, we conclude that appellants' due process rights were not violated and no fundamental error occurred in this respect. If the trial court, after hearing on remand, resolves against defendants the factual issue as to receipt of the notice mailed 27 days before trial, appellants would not in our opinion be able to demonstrate prejudice from the technical violation of Rule 1.440. Reversible error is accordingly not shown on that point. Of course if the trial court determines on remand that the notice of trial was not received, the question of whether it was mailed within thirty days will be moot. See Heritage Casket, supra.
Finally appellants argue that it was error to permit the jury to assess punitive damages against the defendants "jointly and severally." We do not reach the merits of this argument because no such error is preserved absent an objection to the verdict form. See Whitman v. Castlewood *830 International Corp., 383 So.2d 618 (Fla. 1980); Middelveen v. Sibson Realty Inc., 417 So.2d 275 (Fla. 5th DCA 1982); Rose's Stores Inc. v. Mason, 338 So.2d 1323 (Fla. 4th DCA 1976); High, Clarke & Feneis Inc. v. Public Service Mutual Insurance Co., 238 So.2d 169 (Fla. 3d DCA 1970); Fla.R.Civ.P. 1.470(b). This issue would also, of course, be mooted if new trial is granted on other grounds, supra.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur,
ZEHMER, J., concurs in part and dissents in part with opinion.
ZEHMER, Judge, concurring in part and dissenting in part.
I concur in reversing and remanding for further proceedings on appellants' claim that they did not receive notice of the trial. I believe, however, that the majority errs in refusing to review both the sufficiency of the amended complaint and the form of verdict on punitive damages, as well as in its treatment of appellants' objection that no order was entered setting the case for trial.
Appellants are correct in their contention that the default judgment must be reversed if founded upon a complaint insufficient to form a legal basis for the judgment. North American Accident Insurance Co. v. Moreland, 60 Fla. 153, 53 So. 635, 637 (1910); GAC Corp. v. Beach, 308 So.2d 550 (Fla. 2d DCA 1975). Beach, quoting from North American Accident Insurance Co., stated the applicable rule in 308 So.2d at 551-52:
A judgment by default properly entered against parties sui juris operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded, and forced inferences are not admitted by a default judgment. If the allegations and the fair inferences from the allegations state a cause of action in favor of the plaintiffs, the allegations as to the right of action are taken to be true. Whether the admitted allegations state a cause of action is for the court to determine. Russ v. Gilbert, 19 Fla. 54; Watson v. Seat, 8 Fla. 446; 6 Ency.Pl. & Pr. 117. See also, Lybass v. Town of Ft. Myers, 56 Fla. 817, 47 So. 346; Hale v. Yeager, 57 Fla. 442, 49 So. 544.
A judgment by default entitles the plaintiff to the relief for which a proper predicate has been laid in the declaration. See Ocala v. Anderson, 58 Fla. 415, 50 So. 572. If the allegations of the declaration do not form a legal basis for the judgment recovered, it will be reversed on appeal. See 6 Ency.Pl. & Pr. 118. (Emphasis added.)
Appellees explicitly agree with appellants on this proposition, citing Bay Products Corp. v. Winters, 341 So.2d 240 (Fla. 3d DCA 1976), and fully defend the merits of the amended complaint. These decisions clearly establish that the entry of a default judgment against a defendant admits as true only well-pled facts, not forced inferences and conclusions, and that only a default judgment supported by such well-pled facts should be affirmed on appeal.
Appellees do not contend that this court cannot review the sufficiency of the complaint because that objection was not raised in the court below. Yet it is on this ground alone that the majority declines to consider the sufficiency of the complaint. Neither the majority nor I, however, have found any authority which directly holds it necessary to attack the sufficiency of the complaint in the trial court as a prerequisite to review on appeal from a default judgment. I cannot agree with the majority that the law should or does impose such a requirement in this limited class of appeals. It is well established that the sufficiency of a complaint to support a default judgment may be attacked for the first time in a collateral proceeding to enjoin enforcement of that judgment without the defaulting *831 party having appeared before the court that entered the judgment. See, Roberts v. Seaboard Surety Co., 158 Fla. 686, 29 So.2d 743, 748 (1947); 33 Fla.Jur.2d, Judgments and Decrees, §§ 270, 319. Why should it not follow that the defendant can attack the sufficiency of the complaint in appellate proceedings to review the validity of that judgment even though he did not timely appear and defend in the trial court?
Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973), cited by the majority, does not hold otherwise. Palmer held that affirmative defenses not raised in the trial court after a default was entered would not be considered on appeal. This decision was eminently correct because the default, once entered, precluded the filing of affirmative defenses. Palmer does not address, however, the right to appellate review of the claimed insufficiency of the complaint, which is obviously not an affirmative defense. The insufficiency of the complaint inheres in the alleged cause of action. Since the entry of a default does not admit the sufficiency of the plaintiff's cause of action, but only well-pled facts, the court, upon application for entry of final judgment, is required to carefully scrutinize those allegations to determine that they are adequate and support the relief being granted by entry of judgment pursuant to the default, whether or not the defendant has appeared and questioned its sufficiency. It is for this reason that the clerk can enter the default as a ministerial matter, but only the trial court can enter a judgment pursuant to the default. See, 33 Fla. Jur., Judgments and Decrees, § 275.
Believing that the allegations in the amended complaint are insufficient to support the judgment entered against appellant Moore, I respectfully dissent from the majority's decision on this issue.
I likewise respectfully dissent from the majority's refusal to review the erroneous verdict which assessed punitive damages in a single sum against the several defendants as joint tort feasors. Appellants were not present at the damage trial so they obviously were not in position to object to the erroneous verdict submitted to the jury at that time. Appellants first raised this issue in their timely motion for new trial. The majority opinion, however, concludes that this motion did not timely raise this objection because even in default cases when the defendant is not present an objection must be made before the jury is instructed in order to preserve the issue for appellate review, citing Whitman v. Castlewood International Corp., 383 So.2d 618, 619-620 (Fla. 1980), and other cases. Because none of the cited cases involved a default trial where the complaining party was not present when the jury was instructed, and because appellants submitted this objection to the trial court in the first motion they made after the verdict, I do not believe those cases should govern our decision on this issue.
The verdict assessing a single sum for punitive damages against the several joint tort feasors is clearly erroneous as a matter of law. Lehman v. Spencer Ladd's, Inc., 182 So.2d 402, 403 (Fla. 1966); Standard Jury Instruction 6.12 (punitive damages). The Supreme Court in Lehman approved Judge John Wigginton's suggestion in his opinion for this court, Spencer Ladd's, Inc. v. Lehman, 167 So.2d 731 (Fla. 1st DCA 1964), that in cases where punitive damages are sought against two or more joint tort feasors, the court should use a special verdict which allows the jury to assess punitive damages individually in separate amounts against each of the several defendants found to be liable therefor. Despite the fact that differing causes of action were asserted against different defendants, the verdict form used in this case did not permit the jury to make any independent determination of punitive damages as to each defendant but, rather, required the jury to treat all of the defendants alike. For this reason, the punitive damages award should be reversed. Even if the majority's conclusion that appellants' objection was not timely raised in the motion for new trial is correct, an error of this magnitude should nevertheless be treated as fundamental error. See, Jefferson v. City of West Palm Beach, 233 So.2d 206 (Fla. 4th *832 DCA 1970); Security Mutual Casualty Co. v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976); Vega v. Mahfuz, 367 So.2d 1107 (Fla. 3d DCA), cert. denied, 378 So.2d 346 (Fla. 1979); Cf., Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983).
I agree with the majority that the failure to obtain a court order setting the case for trial on damages does not necessarily mandate reversal, but I disagree with their approach to dealing with that question. Rule 1.440, Florida Rules of Civil Procedure, is absolutely unambiguous in its requirement that the setting of trial shall be done by order of the court properly served on the defendants. That rule contains no authority for setting trial without prior notice to opposing counsel at least thirty days prior to the trial date. The rule does not sanction the setting of trial by an opposing party through mere service of a notice in fewer than thirty days. The opinion in Padgett v. First Federal Savings & Loan Assn. of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979), should not be read as blanket authorization for departure from this fundamental requirement of the rule based upon explicit or tacit recognition of local custom and practice. Only the Supreme Court of Florida has the power to authorize trial courts to adopt and follow procedural rules that differ from the clear requirements of the civil rules promulgated by that court. Even though it was stated in Padgett, supra, that "we must accord a fairly wide latitude to the local courts in the handling of these matters," such statement is merely dicta. 378 So.2d at 66. The Padgett decision should be restricted to the facts of that case, which clearly supported affirmance under the harmless error rule because the record showed no actual prejudice to the appellant. In Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA 1976), cited in Padgett, supra, and in the majority opinion, the defendant actually received notice well in advance of trial and made no objection to the trial court concerning failure to comply with rule 1.440 until the day before trial. The court's affirmance was based on defendant's tardiness in objecting and bringing this known deficiency to the attention of the court.
The majority's conclusion, that "appellants would not in our opinion be able to demonstrate prejudice from the technical violation of Rule 1.440," is necessarily based on implied assumptions not properly shown in the record before the court below. Whether failure to follow the rule in this instance should be treated as harmless error cannot be determined on the record before us. Appellants' motion alleges that the circuit court of Franklin County "has previously held the voluntary giving of notice of trial by Plaintiff's counsel was not binding on Defendants absent an Order by the Court, pursuant to Rule 1.440, Fla.R. Civ.P. setting the matter for trial. (The Estate of Ward Fowler, Dec'd., Franklin Probate No. 79-29)." While the circuit court can take judicial notice of its files in that case, the record fails to reflect that an evidentiary hearing was held at which copies of the pertinent portions thereof were received and considered. The record is barren of any other evidence of local custom and practice in Franklin County that would support a departure from the Supreme Court's rule. Whether or not the appellants suffered prejudice from failure to follow that rule in this instance is a question of fact to be decided by the trial court upon an evidentiary hearing. For this reason, I dissent from that portion of the majority opinion and would remand for further proceedings, including an evidentiary hearing on the question of prejudice.
NOTES
[1] Fla.R.Civ.P. 1.440 has been amended several times, but since it was enacted as Rule 2.2 in 1954 it has included the requirement that the court, not the parties, set the case for trial. 30 Fla. Stat. Ann. 502 (1967).
[2] The holding in Heritage Casket rests on alternate grounds; the first being that the evidence did not show that the defendants received the notice at all. There is no indication of an express finding to the contrary by the trial judge in that case. Furthermore, there was no evidence that the defendant lived, or received mail, at the address where the notice was sent.
[3] See Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA 1976).