PER CURIAM.
Appellant challenges the dismissal of his fifth amended complaint against Joan Keenan, claiming that the court should not have dismissed it as to Keenan when it had earlier granted a default against her.[1] However, the court dismissed the com *185 plaint for failure to state a cause of action. Because the entry of a default constitutes an admission of only the well-pleaded factual allegations of the complaint, see Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747 (Fla. 4th DCA 1997), a complaint which fails to state a cause of action cannot form the basis of a judgment against the defendant. See GAC Corp. v. Beach, 308 So.2d 550 (Fla. 2d’DCA 1975). The court did not err in dismissing the complaint against Keenan for failure to state a cause of action, even though it had previously granted a motion for default as to Keenan.[2]

Affirmed.

WARNER, LEVINE, JJ„ and McCANN, JAMES W, Associate Judge, concur.

. Although appellant had brought suit against multiple defendants, Keenan was the only de-fendanl who had been defaulted in the suit.

. Keenan had filed the motion to dismiss before appellant moved for the default as a sanction for discovery violations, which the court granted. Keenan had filed a motion for rehearing or to vacate the default. That motion was still pending when the court granted the motion to dismiss for failure to state a cause of action.