WARNER, J.
 

 Appellants, James and Sandra Johnston, timely appeal a final judgment of foreclosure. They make multiple claims of error. However, we find that the issues raised were either not preserved, waived, or are meritless. We affirm.
 

 Appellants’ home was encumbered by a first mortgage to Citi Mortgage and a second purchase money mortgage executed to appellee, Jean Hudlett. The first mortgagee of the property, Citifinancial Mortgage Company (“Citi”), brought a foreclosure action against the Johnstons
 
 [1]
 
 and others with an interest in the property, including Hudlett. Hudlett filed an answer to Citi’s complaint and a cross-claim against the Johnstons, seeking to foreclose her mortgage on the property. However, Hudlett’s answer and cross-claim did not attach a copy of the promissory note or the mortgage deed.
 

 A process server personally served James Johnston with the cross-claim. Sandra Johnston was not personally served with the cross-claim, but was purportedly served by substitute service when her husband was served at the residential property. The record does not contain any objections to the service of process. James Johnston filed an answer to the cross-claim; Sandra Johnston did not file an answer.
 

 The Johnstons refinanced the home and settled the original mortgage foreclosure action with Citi, at which point Citi’s foreclosure claim was dismissed. Although the record indicates that Hudlett’s mortgage
 
 *703
 
 was to be paid through the refinancing, that did not occur. Eventually the cross-claim was set to be tried on September 29, 2008. Before the trial date, both Hudlett and James Johnston filed Pre-Trial Statements in which Johnston stipulated to the essential facts required for foreclosure, including the execution of the mortgage, the events of default, and that no payments had been paid for several years.
 

 At trial, Sandra Johnston appeared and was represented by counsel. Hudlett’s attorney orally moved for a default against her. Sandra’s attorney claimed that she had not been served. After hearing argument, the court entered a default against her.
 

 The trial proceeded. James Johnston’s attorney admitted that the mortgage had been unpaid and the amount of principal and interest due, but disputed the interest rate. Hudlett’s attorney advised the court that he would dispense with the routine testimony regarding default and amounts due. Mr. Johnston agreed to a stipulation regarding those issues.
 

 The court admitted the mortgage and note, but they apparently were returned to Hudlett’s attorney immediately after the final judgment was entered, as they did not appear in the record originally filed with this court. Then the court entered a written default of Sandra Johnston and a foreclosure judgment in favor of Hudlett, which the appellants challenge in this appeal.
 

 As their first issue on appeal, the Johnstons claim that the cross-claim of foreclosure never stated a cause of action because the mortgage and note were not attached to the cross-claim. While it is true that Hudlett failed to attach the Note and Mortgage Deed to the cross-claim complaint, this issue is being raised for the first time on appeal. It was never raised in any responsive pleading or motion to dismiss, nor was it raised at trial. “[I]t is axiomatic that it is the function of the appellate court to review errors allegedly committed by trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court.”
 
 See Abrams v. Paul,
 
 453 So.2d 826, 827 (Fla. 1st DCA 1984). In
 
 Abrams,
 
 the appellant argued for the first time on appeal that the trial court had committed error in entering a default judgment upon a complaint which failed to state a cause of action. Finding the alleged error neither fundamental nor jurisdictional, the First District declined to consider the question for the first time on appeal.
 
 Id.
 

 Here, because the Johnstons did not preserve for appellate review the defense of failure to state a cause of action, this court will not consider this issue for the first time on appeal.
 
 See Abrams, supra.
 
 Further, any error could not be considered fundamental, where the trial court actually considered the note and the mortgage deed at the trial.
 

 The Johnstons also claim that the final judgment was void, because the mortgage and note were never introduced in evidence. But the record shows that the documents were introduced in evidence. Unfortunately, they were then returned to the Hudlett’s attorney after the trial. That does not make the judgment void.
 

 We are, however, concerned of what appears to be a practice in Broward County of the clerk’s office returning exhibits immediately after the end of a trial, to the attorneys for the parties who introduced such exhibits. We do not know if this is at the direction of the judges or simply a practice of the clerk’s office. Nevertheless, it is in violation of Rule of Judicial Administration 2.430(f)(2) which requires
 
 *704
 
 that the clerk retain all exhibits until 90 days after the judgment becomes
 
 final,
 
 which means after a final judgment is entered and the time for appeal has expired or an appeal has been taken and disposed of. The clerk has no authority to release exhibits to the parties prior to that time. Otherwise, should an appeal be filed the appellate court would not have access to exhibits.
 

 Moreover, in the case of original mortgages and promissory notes, they are not merely exhibits but instruments which
 
 must be surrendered
 
 prior to the issuance of a judgment. The judgment takes the place of the promissory note. Surrendering the note is essential so that it cannot thereafter be negotiated.
 
 See Perry v. Fairbanks Capital Corp.,
 
 888 So.2d 725, 726 (Fla. 5th DCA 2004). The judgment cancels the note. The clerk cannot return these instruments to the parties.
 

 In this case, the appellee has refiled the note and mortgage with the clerk. Therefore, these instruments have been properly surrendered. Appellants never raised any objection below based on section 90.952, Florida Statutes, generally referred to as the “best evidence rule,” nor did appellants raise any authenticity objection. Thus, any such evidentiary objections should not be considered now for the first time on appeal.
 
 See, e.g., Tengbergen v. State,
 
 9 So.Sd 729, 781 (Fla. 4th DCA 2009) (holding that a party’s trial objection was waived by his failure to object when the expert evidence was introduced);
 
 P.J. v. Dep’t of Children & Families,
 
 783 So.2d 1148, 1150 (Fla. 5th DCA 2001) (stating that unless evidentiary objections are made during trial they are waived for purposes of appellate review). No harmful error has occurred.
 

 The Johnstons also raise claims that the enforcement of Hudlett’s mortgage is barred by the statute of limitations or statute of repose. Like so many of the other claims, this too was not preserved. “Both the statute of limitations and the statute of repose are affirmative defenses.”
 
 Doe v. Hillsborough County Hosp. Auth.,
 
 816 So.2d 262, 264 (Fla. 2d DCA 2002). An affirmative defense is waived unless it is pleaded. Fla. R. Civ. P. 1.140(h)(1). These defenses were never pleaded below. Moreover, the defenses of the statute of limitations and statute of repose are being raised for the first time on appeal, and therefore were not preserved for appellate review.
 
 See, e.g., Square D Co. v. State Farm Fire & Cas. Co.,
 
 610 So.2d 522 (Fla. 3d DCA 1992) (“In this case, the appellant did not raise the Statute of Repose before the trial court in a timely manner. Accordingly, the applicability of the Statute of Repose to this case was not preserved for our review.”).
 

 Appellants argue that the trial court made its ruling based solely on the allegations of Hudlett’s attorney. Appellants claim that “[n]o written stipulation of facts for which proof was unnecessary was prepared by counsel; no stipulation of agreed facts were verbally entered into the record by counsel; ... no promissory note was reviewed or referenced by the court.” Appellants overlook the fact that in this case there were both written and oral stipulations regarding the facts, from Mr. Johnston’s counsel, and Sandra Johnston was defaulted as to the material allegations of the complaint.
 

 Finally, the Johnstons allege that Sandra Johnston was never personally served with process, nor was substituted service or process properly made on her. Section 48.031(l)(a), Florida Statutes, permits service of process “by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the
 
 *705
 
 person of their contents.” All requirements for substituted service must be strictly complied with or service is rendered void.
 
 Milanes v. Colonial Penn Ins. Co.,
 
 507 So.2d 777, 778 (Fla. 3d DCA 1987). The term “usual place of abode” means the place where the defendant is actually living at the time of service.
 
 Cordova v. Jolcover,
 
 942 So.2d 1045, 1046 (Fla. 2d DCA 2006).
 

 Here, the record contains a return of service for the cross-claim on Sandra Johnston, indicating that she was served by delivering the summons to her husband, James, at their residence. While some claim was made at trial that the Johnstons were having marital issues at the time, this would be relevant only if Sandra Johnston had actually moved out of the home and had relocated to a different “usual place of abode” at that time.
 
 See Barnett Bank of Clearwater, N.A. v. Folsom,
 
 306 So.2d 186 (Fla. 2d DCA 1975).
 

 Sandra never filed a motion to quash service of process, nor did she request to offer evidence to support her contention that service was improper. The defense of insufficient service of process was waived below by failing to raise the defense in a motion or an answer. A party waives the defense of insufficient service of process if it is not presented in a pre-answer motion to dismiss or in the answer.
 
 See Parra v. Raskin,
 
 647 So.2d 1010, 1011 (Fla. 3d DCA 1994); Fla. R. Civ. P. 1.140(h). Although Sandra claims she could not raise the issue until this appeal, she is wrong. Sandra could have filed a motion in the trial court to set aside the default, to quash service of process or to vacate the final judgment.
 
 See Montero v. Duval Fed. Sav. and Loan Ass’n of Jacksonville,
 
 581 So.2d 938 (Fla. 4th DCA 1991). Sandra even appeared with counsel at the final hearing and never took the proper steps to challenge service of process. We conclude that the issue has not been preserved for appeal.
 

 In any event, Sandra was not a party to the promissory note. Although the final judgment had the effect of foreclosing a mortgage on the property, Sandra was not individually liable for any damages pursuant to the final judgment. She was a party only because of whatever property interest she had in the residential property. Thus, we reject the argument Sandra did not have the opportunity to present evidence pertaining to “unliquidat-ed damages” and that her due process rights were violated as a result.
 

 For the foregoing reasons, we affirm the final judgment of foreclosure, including any issues not specifically addressed in this opinion.
 

 POLEN and STEVENSON, JJ„ concur.
 

 [1]
 

 . According to Citi’s foreclosure complaint filed in 2002, James Johnston was the sole record owner of the property at that time, but Sandra was added as a defendant because of her potential interest in the property as a spouse.