PER CURIAM.
Section 39.809(5), Florida Statutes (1999) requires a trial court to enter a written order with findings of fact and conclusions of law when terminating parental rights. In this case, the Department of Children and Families concedes that the order terminating J.R.’s parental rights as to T.R., her minor child, is deficient because it fails to make specific findings of fact. We must vacate the order and direct the trial court on remand to comply with section 39.809(5).
Additionally, the trial court’s oral pronouncements at the termination hearing do not conform to its written order. The written order indicates that termination resulted in part from failure to comply with a case plan pursuant to Florida Statutes, section 39.806(l)(e). However, oral pronouncement indicated that J.R.’s rights were being terminated pursuant to section 39.806(l)(c) and (i). These subsections provide that termination is proper *662 [wjhen the parent ... engages in conduct toward the child or toward other children that demonstrate that the continuing involvement of the parent ... in the parent-child relationship threatens the life, safety, well-being, or physical, mental or emotional health of the child irrespective of the provision of services” or if parental rights have been terminated as to a child’s sibling. It is clear from the record that termination was proper under section 39.806(l)(c) and (i). Therefore, we direct the trial court to remedy the inconsistency upon remand.
We find that J.R. s remaining arguments are without merit.
ORDER VACATED; REMANDED.
COBB, PETERSON and PALMER, JJ., concur.