783 So.2d 1148 (2001)
P.J. as Parent of B.H., J.H., A.H., J.H., and B.J., Children, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 5D99-3481.
District Court of Appeal of Florida, Fifth District.
March 30, 2001.
Rehearing Denied May 17, 2001.
*1149 Mark S. Kwas & Timothy A. Straus of Moyer, Straus & Patel, P.A., Altamonte Springs, for Appellant.
James A. Sawyer, Jr., of the Department of Children and Families, Orlando, for Appellee.
PALMER, J.
P.J. (mother) appeals the final order entered by the trial court terminating her parental rights to her five children. We agree with the mother that the trial court erred in failing to set forth any findings of fact in the termination order and in referencing an incorrect sub-section of the applicable statute. Accordingly, we vacate the order and remand this matter for entry of a proper order.
Section 39.809(5) of the Florida Statutes (1999) requires trial courts to enter written termination orders which set forth findings of facts and conclusions of law. See § 39.809(5), Fla.Stat. (1999); J.R. v. Dep't of Children and Families, 773 So.2d 661 (Fla. 5th DCA 2000). The instant termination order fails to contain any factual findings. Rather, the order merely states that the Department of Children and Families (DCF) demonstrated, by clear and convincing evidence, that the mother engaged in egregious conduct toward her three year old son, that it was manifestly in the best interest of all of her children that an order terminating the mother's parental rights be entered, that termination was the least restrictive means of protecting the children from harm, and that reunification with the mother posed a substantial risk of serious harm to the children. Presumably, this ruling was based upon the evidence submitted by DCF demonstrating that the mother inflicted severe physical abuse upon her three year old son; however, the order fails to state as much. As a result, we must vacate the instant termination order and remand this matter to the trial court with instructions to enter a termination order which complies with the statute. See I.M. v. Dep't of Health and Rehabilitative Services, 668 So.2d 275 (Fla. 1st DCA 1996); In the Interest of C.K., 601 So.2d 1331 (Fla. 2d DCA 1992).
We further agree with the mother that the instant termination order improperly cites to section 39.806(1)(h) of the Florida Statutes (1999) as a legal basis to support the court's ruling. Section 39.806(1)(h) was not set forth in any of DCF's pleadings, was not discussed by the parties during the adjudicatory hearing, and was not yet enacted on the date that the instant termination petition was filed. Thus, on remand, the trial court is directed to disregard that provision of the statute.
Lastly, we reject as meritless the mother's claim that the trial court reversibly erred in considering the guardian ad litem's report even though he was not *1150 present at the adjudicatory hearing. The record reveals that, although during the adjudicatory hearing the mother's attorney indicated to the court that she wanted to examine the guardian ad litem, when the court advised her that he was not present, counsel did not object to the court's consideration of the GAL report or request a continuance so that the guardian ad litem could appear as a witness. On this record, reversal is not warranted. See K.S. v. R.C., 766 So.2d 1224, 1225 (Fla. 5th DCA 2000) (Sharp, J. concurring) (noting that unless evidentiary objections are made during trial they are waived for purposes of appellate review).
ORDER VACATED; CAUSE REMANDED.
COBB and PETERSON, JJ., concur.