PLEUS, J.
The mother appeals her termination of parental rights (“TPR”) as to her minor children. She argues that because the amended TPR order was entered over 25 months after the TPR hearing, the trial court’s factual findings are stale, her circumstances have changed and she should be awarded a new TPR hearing. We disagree and affirm.
The trial court held a TPR hearing on November 1, 1999, and entered an order terminating the mother’s parental rights to her five children on November 3, 1999. The mother appealed. We issued our opinion on March 30, 2001, P.J. v. Department of Children and Families, 783 So.2d 1148 (Fla. 5th DCA 2001). In that opinion, we noted that “reversal was not warranted,” but we remanded the cause for the trial court to “enter a termination order which complies with the statute.” Id.
On remand, the trial court entered an amended TPR order on December 7, 2001. The amended order, in pertinent part, states:
*443 Dr. John Arthur Tilelli testified that he examined [J.H.] on July 13, 1998, and that at the time, the child was in a very poor physical state of health. .. He was. underweight for age and looked like he .had poor nutrition. He had numerous physical injuries both internal and external all abusive in nature. Dr. Tilelli testified that the child had injuries and bruises that were too numerous to count and that they represented hundreds of blows. Dr. Tilelli testified, that he had never examined a child that was alive that had as many injuries as [J.H.],
The mother, [P. J.], testified that she had been frustrated with the child, [J.H.], and did him like she did because he was causing her problems. The mother admitted causing the child much harm and much damage. The mother admitted beating the child because he had toilet training problems and' that she could have killed him. The mother also admitted that by not seeking medical attention for the child her inflicted injuries could have killed the child.
The mother has been involved with the Department since 1994 and other than the child [J.H.], has not had custody of her children since 1994.
We find the amended order complies with the statute and the mother’s argument to be without merit. Our prior opinion in this case did not contemplate giving the mother a new hearing. See P.J., 783 So.2d at 1149-1150. On remand, the trial court’s findings of egregious conduct speak for themselves and justify the termination order entered.
AFFIRMED.
SHARP, W. and HARRIS, JJ., concur.