FARMER, C.J.
We affirm the trial court’s explicit finding that:
“The Department of Children and Families, by clear and convincing evidence proved the Termination of Parental Rights Petition, and have proven the grounds for Termination of Parental Rights and the' Manifest Best Interest as required under Ch. 39 of Fla. Statutes.”
*1290 Although the record supports the trial court’s finding that termination of the mother’s parental rights is in the child’s manifest best interests, the termination order fails to set forth any specific findings. The final order of termination is therefore not in compliance with section 39.809(5), Florida Statutes (2002), which provides that “[t]he judge shall enter a written order with the findings of fact and conclusions of law.” As such, this court could vacate the order and direct the trial court to comply with section 39.809(5). See, e.g., P.J. v. Dep’t of Children & Families, 783 So.2d 1148 (Fla. 5th DCA 2001); J.R. v. Dep’t of Children & Families, 773 So.2d 661 (Fla. 5th DCA 2000).
Because the complete record is sufficient and enables us to review the final order of termination, even with only a single omnibus finding, we have elected not to reverse in this case. We caution the Judges in this District presiding over termination of parental rights cases, however, not to infer that the failure to make specific factual findings will always be harmless. In most cases — although not in this one — such findings are indispensable.
AFFIRMED.
GUNTHER and GROSS, JX, concur.