DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**W.L.,** The Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D15-362

[August 19, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 12-005870DP.

Antony P. Ryan, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Melanie L. Casper and Paulina Forrest, Assistant Regional Counsels, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee.

Patricia Murphy Propheter of the Statewide Guardian Ad Litem Office, Sanford, for Guardian Ad Litem Program.

CIKLIN, C.J.

W.L. (the mother) appeals the final order terminating her parental rights to her child. The mother raises three issues on appeal but in light of the trial court's failure to recite the required factual findings and conclusions of law in its written order, we decline to address the merits, and we vacate and remand.

The mother consented to an adjudication of dependency with regard to her child. She was placed on a case plan with the goal of reunification. After the goal was changed to adoption, the Department of Children and Families (the Department) filed a petition for termination of parental rights. The petition alleged three grounds for termination: 1) abandonment, pursuant to subsection 39.806(1)(b), Florida Statutes

(2013); 2) threat of harm to the child irrespective of services, pursuant to subsection 39.806(1)(c); and 3) failure to substantially comply with the case plan within twelve months of an adjudication of dependency, pursuant to subsection 39.806(1)(e)1.

After an adjudicatory hearing, the trial court entered a final judgment terminating the mother's parental rights. Although the court recited the grounds alleged in the petition, it did not indicate which ground it relied on in entering the final judgment. The court then summarized the testimony of the witnesses, and provided the following:

> 21. The court finds that there has been substantial and competent evidence presented to show that the state has met its burden by clear and convincing evidence to the Petition to Terminate Parental Rights as to the mother.
>
> 22. [The child] has continuing medical needs that the mother . . . cannot provide.

The trial court's final judgment includes findings required by section 39.810, Florida Statutes (2013), related to the manifest best interests of the child. The final judgment also contains the following findings and conclusions of law:

> 24. There is no evidence presented to support the re-establishment of the parent/child relationship as there has not even been a parent/child relationship between [the child] and her mother.
>
> 25. [The child] is deserving of permanency. The mother has not made any effort to have a relationship with [the child] or even show [the child] that she cares.
>
> 26. The state has met its burden by clear and convincing evidence that it is in [the child's] manifest best interest to terminate the parental rights and duties of her mother and to permanently commit her to the . . . Department . . . for subsequent adoption.
>
> 27. The termination of [the mother's] parental rights and duties is the least restrictive means of protecting [the child] from harm.

### III. CONCLUSIONS OF LAW

2

Based upon the above findings and after considering all relevant grounds listed in Florida Statute 39.806 and all of the factors set forth in Florida Statute 39.810(1)-(11), as to [the mother], the . . . Department . . . has met its burden of establishing by clear and convincing evidence, the allegations set forth in the Petition for Termination of Parental Rights[.]

With respect to orders terminating parental rights, section 39.809(5), Florida Statutes (2013), requires trial courts to enter written orders which contain findings of fact and conclusions of law. *See also* Fla. R. Juv. P. 8.525(i)(1) ("The order [terminating parental rights] must contain the findings of fact and conclusions of law on which the decision was based.").

One of the grounds for termination alleged in the petition was that the child's life, safety, or health would be threatened by continued interaction with the mother irrespective of services. To terminate on this ground, a trial court must find that "any provision of services would be futile or that the child would be threatened with harm despite any services provided to the parent." *In re T.H.*, 979 So. 2d 1075, 1082 (Fla. 2d DCA 2008) (citation omitted); *see also L.D. v. Dep't of Children & Family Servs.*, 957 So. 2d 1203, 1205 (Fla. 3d DCA 2007); *M.H. v. Dep't of Children & Families*, 866 So. 2d 220, 222 (Fla. 1st DCA 2004). The final judgment of termination contains no such finding.

The Department also alleged that the mother failed to substantially comply with the case plan; however, findings regarding the case plan and the mother's noncompliance with tasks are conspicuously absent from the final judgment.

Aside from the final judgment's lack of necessary factual findings, it also omits key conclusions of law. Although the trial court found that termination was in the manifest best interests of the child and was the least restrictive means of protecting the child, the court did not conclude that the Department established abandonment or either of the other grounds for termination by clear and convincing evidence. Instead, the trial court concluded that the Department met its burden of establishing "the allegations set forth in the Petition." Such a conclusion leaves this court to speculate as to which of the multiple grounds for termination the court relied upon in terminating the mother's rights. That is something we must not do.

As a result of the final judgment's shortcomings, we are unable to undertake a meaningful review. Consequently, we vacate the final judgment of termination of parental rights and remand this case to the trial court so that it may enter a final judgment which complies with section 39.809(5). *See J.B.P. v. Dep't of Children & Families*, 868 So. 2d 1289, 1290 (Fla. 4th DCA 2004); *J.R. v. Dep't of Children & Families*, 773 So. 2d 661, 661 (Fla. 5th DCA 2000).

*Vacated and remanded with instructions.*

CONNER, J., and BOORAS, TED, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4